By the Court.
 

 Margaret Crooks brought this action in the Court of Common Pleas of Cuyahoga county to recover damages she claimed to have sustained as a result of the collision of two cars of the Cleveland Railway Company, in one of which she was then a passenger.
 

 At the trial there was no issue of negligence, the only question being whether plaintiff suffered any injury, and, if so, the nature and extent thereof. The trial resulted in a verdict for the plaintiff in the sum of $4250.00. The trial judge required a remittitur of $1400.00 as an alternative to the granting of a new trial, and, upon submission of the case on error in the Court of Appeals, that court required “that the amount of damages be reduced to $1500.00” and directed that if such reduction be refused “judgment is reversed for reason that damages are excessive.”
 

 
 *256
 
 In each court the alternative of reduction of the amount of recovery was promptly accepted. Thus the amount of damages found by the jury was reduced by the trial and reviewing courts to substantially one-third of the amount the jury had found was required to compensate the plaintiff for the injury she had sustained. Although the Common Pleas Court found the verdict excessive to the extent of practically one-third, and the Court of Appeals found the same to be excessive to the extent of practically two-thirds, it was found by each court that such excessive damages were not the result of passion or prejudice. It is difficult to see how otherwise than from the influence of passion or prejudice a jury could in any case return a verdict practically three times as much as found by the Court of Appeals to have been supported by the evidence. Upon finding such disparity between the actual damage sustained and the amount of the verdict returned, the court may well have inferred that such excess resulted from the influence of passion or prejudice and for that reason alone remanded for a new trial. -
 

 Whether such enforced remittitur in itself furnishes conclusive proof that the excessive damages were “given under the influence of passion or prejudice” and for that reason alone the case should be remanded for a new trial, or whether, in addition thereto, the record must disclose some specific error committed in the trial calculated to induce such excessive verdict, the members of this court have not heretofore been in full accord.
 

 However, we need not deal with that question in this case for the reason that the record clearly discloses such improper statements of counsel for the plaintiff, both in his opening and closing argument to the jury, as were well calculated to mislead the jury and induce it to return a verdict so excessive that the Common Pleas Court concluded that only two-thirds of it could
 
 *257
 
 find warrant in the evidence adduced and the Court of Appeals found that only one-third of it was warranted by the evidence disclosed in the record.
 

 The following is quoted in part from the opening and in part from the closing argument of counsel for the plaintiff: “The responsibility of a verdict, the size of a verdict, does not necessarily rest with you. If that verdict is excessive in amount, the responsibility is not with you. * * * Remember this when that comes in your mind, ‘Are we giving her too much?’ Say to yourself, ‘Well, the Court’s responsibility takes care of that, because if we give her so much too much, he has the right to cut it and put it where it belongs.’ * * * Suppose you give her three times as much as she is entitled to. This Court’s duty then is, and it is his duty to. exercise it, to cut that verdict down to where it belongs, so that when you go out there that responsibility is not with you, that is with this Court. * * *' You go out there and you give a verdict, you say to yourselves, ‘Well, is this too much?’ You have right to say, in the next breath, ‘Well, if it is, the Court takes care of that.’ But on the other hand, if you put in a small amount in that verdict and in the next breath you say to yourselves, ‘Well, is there anything, any remedy that this lady has of getting any more money?’ No, the Court cannot change it, and she has not another day in court.” This had the apparent sanction of the trial judge, for whenever objection was made his only response was, “Save your exception. Go ahead.” Counsel clearly over-stepped the bounds of professional propriety in the presentation of the case to the jury. The parties are entitled to have the issues of fact submitted to and determined by the jury uninfluenced in its deliberation by passion or prejudice. The record in this case not only warranted but required the conclusion that the verdict of the jury found to be so grossly excessive was the result of passion or preju
 
 *258
 
 dice. The judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for a new trial.’
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.