BRUNO, ADMR., APPELLANT, *v.* PETRECCA, APPELLEE.

(Decided March 14, 1940.)

*Mr. William Jerome Pollack* and *Mr. J. E. Pilmer,* for appellant.

*Mr. Howard M. Nazor,* for appellee.

PHILLIPS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Ashtabula county entered upon a jury verdict for the defendant, in plaintiff's action for the wrongful death of his decedent allegedly occasioned by the wanton misconduct of the defendant in the operation of his automobile in which plaintiff's decedent was riding as a guest.

The *voir dire* examination of, and argument to, the jury, were not reported, and as much of the bill of exceptions as presents the sole claimed error of misconduct of defense counsel in argument to the jury, as corrected by the trial judge from memory and subsequently allowed, is submitted in narrative form.

Upon the *voir dire* examination of the jury a member of the panel responded affirmatively to an inquiry of counsel for the plaintiff as to employment by automobile liability insurance companies, whereupon counsel for the defendant stated that the owner of the automobile involved in the accident in the case on trial was insured by the company with which that member was associated as an agent, and suggested that he be excused for cause, with which suggestion the trial judge complied.

Subsequently, defense counsel received negative responses from the members of the panel as to whether the fact that the defendant was insured would influence them to return a verdict quicker against him than if he were not insured, and proceeded to explain to sev-

eral of the jurors of whom inquiry was made that the insurance company would be called upon to pay only in the event the assured was held to respond in damages, and upon inquiry ascertained that ten members of the jury finally impanelled drove automobiles which were insured in automobile liability insurance companies and inquired generally of the members of the panel as to ownership of stock in or employment by automobile liability insurance companies, to which inquiries he received negative replies.

Thenceforth throughout the *voir dire* examination of the jury plaintiff's counsel referred to defense counsel as representing ''the insurance company in this case,'' and upon inquiry received negative responses from the members of the panel as to connection with the company in which defendant was insured, ownership of stock, employment of themselves or any member of their immediate families in any automobile liability insurance company, or whether the fact that there was insurance in the case would prevent them from returning a verdict for the plaintiff, if under the law and the evidence they found plaintiff was entitled to a verdict.

Counsel for the plaintiff then proceeded to explain to the members of the panel that counsel for both parties were trying to impress them with the fact that insurance in the case should make no difference to them, and the fact that the insurance company would have to pay a judgment if they rendered a verdict against the defendant should not affect their decision in the matter.

He then made further reference to the fact that defendant was insured, and explained to the jury the necessity of suing the assured defendant instead of bringing the action directly against the insurance company, and said to the jury that it should entertain no erroneous ideas that the action ought to have been

brought against the insurance company instead of the defendant.

Twelve members of the panel of whom the foregoing inquiries were made were duly empanelled and sworn and the case proceeded to trial.

No objection was interposed to the opening argument of plaintiff's counsel, whereupon counsel for the defendant proceeded with his argument and during the course thereof said: "If juries return verdicts in cases of this kind against defendants simply because the defendants are insured, the necessary consequences of such verdicts would be an increase in liability insurance rates, which naturally would have to be borne by the persons holding liability insurance policies."

Counsel for the plaintiff objected to those remarks and said to the court: "If Your Honor please, I object to what Mr. Nazor has just told the jury. Such an argument is very unfair. I move the jury be instructed to entirely disregard what he has just said to them regarding the effect of returning verdicts in a case like this; that the jury be instructed not to permit the argument to affect their verdict in this case; that the jury further be instructed that the argument was entirely improper; that Mr. Nazor be admonished for having made that argument." To this objection the court said: "I do not feel that the argument is misconduct on Mr. Nazor's part, and I am not going to admonish him as requested. I am not sure but that the argument might be proper on the basis that the subject-matter thereof might be a matter of common knowledge; however there is no evidence upon the subject and inasmuch as I feel there is a question about it, I think Mr. Nazor should refrain from arguing any further along that line. I now instruct the jury that the arguments of counsel are not to be considered as evidence in the case."

Upon conclusion of the court's remarks plaintiff's counsel then said: "Exceptions to the court's refusal

to instruct the jury and admonish counsel, as requested.'' Defense counsel then completed his argument without further reference to the matter to which objection had been made, and counsel for the plaintiff properly made his closing argument to the jury, which after due deliberation returned a verdict for the defendant.

Plaintiff urges that defense counsel was guilty of misconduct in this argument which prevented plaintiff from having a fair and impartial trial by arguing matters, facts and things which were not in evidence, and using language calculated to arouse prejudice in the jury irrelevant to the case. Defense counsel claimed in oral argument that the language used was provoked and invited by the reference of counsel for the plaintiff to him as representing ''the insurance company in this case,'' and the other references to insurance in his *voir dire* examination of the jury to which reference has been made.

Reference to the record discloses that during a part of the *voir dire* examination of the jury counsel for the plaintiff made reference to defense counsel as representing ''the insurance company in this case.'' We do not find any foundation in the record justfying this reference. As far as the record discloses counsel for the defense represented the defendant and not the insurance company, and accordingly this reference to defense counsel had no place in the trial of the case at bar.

Counsel, in the trial of a case, or elsewhere, are officers of the court and their arguments to the jury should always be decorous and not impair the impartial administration of justice. *Hayes* v. *Smith*, 62 Ohio St., 161, 56 N. E., 879. And ''the parties are entitled to have the issues of fact submitted to and determined by the jury uninfluenced in its deliberation by passion or prejudice.'' *Cleveland Ry. Co.* v. *Crooks*, 130 Ohio St., 255, at 257, 198 N. E., 867. When counsel

abuses his privileges to the manifest prejudice of the opposite party, it is the duty of the trial judge to stop him even when no objection is made or exception saved by the party injured.

This the court did when it said: "However there is no evidence upon the subject and inasmuch as I feel there is a question about it, I think Mr. Nazor should refrain from arguing any further along that line. I now instruct the jury that the arguments of counsel are not to be considered as evidence in the case."

This was an admonition to defense counsel that the line of argument was probably improper and should not be further indulged in, which was heeded. True perhaps not as drastic an admonition as counsel for the plaintiff hoped for, but none the less an admonition to refrain from further similar argument, and this in spite of the court's remark "I am not going to admonish him." This coupled with the court's admonition to the jury that "I now instruct the jury that the arguments of counsel are not to be considered as evidence in the case" has forced us to the conclusion that the jury could not have been misled or prejudiced by the argument.

We have examined this argument complained of in the light of defense counsel's contention that it was provoked by the conduct of counsel for the plaintiff, and while the argument of defense counsel standing alone is probably improper and cannot be commended as an example, and is certainly not of such a nature or character as to warrant its establishment as a precedent for the kind of argument to be indulged in, in a case of this kind, yet part of it was in answer to the references of plaintiff's counsel to insurance in the case, and reading it as a whole we have concluded it did not amount to misconduct of defense counsel constituting prejudicial error, and under the circumstances of this particular case and in view of the entire

record the jury could not have been misled or influenced thereby.

From what we have said it follows that the judgment of the lower court should be and hereby is affirmed.

*Judgment affirmed.*

CARTER, J., concurs.

NICHOLS, P. J., concurs in the judgment.