BARROW *v.* BOLTON.

5-2784 361 S. W. 2d 90

Opinion delivered October 22, 1962.

*Ward & Lady,* for appellant.

*W. B. Howard,* for appellee.

JIM JOHNSON, Associate Justice. This is a case of first impression wherein appellants seek a new trial on an assignment of error that the trial court abused its discretion in refusing to allow counsel for appellants to argue that sympathy is a proper ground for recovery in a tort action.

Appellants brought suit in Craighead County Circuit Court seeking to recover damages resulting from an injury suffered by Robert C. Barrow, age 13 years, when he received a blow on the head from a baseball pitching machine located on appellees' amusement park which was closed. In the course of final argument to the jury counsel for appellants attempted to read to the jury a definition of sympathy from Webster's Unabridged Dictionary. An objection was sustained to which counsel for appellants excepted. From judgment for appellees comes this novel appeal.

The abbreviated record before us shows the following colloquy took place in chambers:

"MR. WARD: In beginning the closing argument to the jury counsel for the plaintiffs referred to the fact that on *voir dire* examination and again in his closing argument counsel for the defendant had demanded that the jury remove all consideration and reference to sympathy from their deliberations. Counsel for the plaintiff then read, verbatim, an excerpt from the definition of sympathy as given in Webster's Unabridged Dictionary, and then stated to the jury that sympathy on the

part of mankind for each other was the basis for the existence of our judicial system. At that point counsel for the plaintiff was interrupted by counsel for the defendant with an objection. Pursuant to this objection on the part of defense counsel, the court admonished the jury in general terms that sympathy is not a basis upon which recovery may be predicated. Whereupon, counsel for plaintiffs expressly requested the court to rule on whether counsel for plaintiffs could discuss the proper definition of sympathy and its proper relationship to other matters and circumstances which the jury was entitled to consider. The court ruled that counsel could not pursue that type of argument, and it is to that ruling on the part of the court to which plaintiff now objects and asks that his exceptions be noted of record, for the reason that plaintiffs contend that by way of argument they had every right to discuss the meaning and application of sympathy in the deliberations of the jury.

"THE COURT: Specifically, the court, in its last ruling to the jury, stated that they could not undertake to consider sympathy for either of the parties in arriving at a verdict, that the discussion regarding sympathy would therefore be irrelevant, hence improper, and they should not consider it in arriving at their verdict in considering the law and evidence.

"MR. WARD: Just so there will be no misunderstanding as to what the record itself is. Counsel for the plaintiffs wishes to object to the ruling as dictated by the court and object to it for the reasons heretofore stated and save their exceptions.

"MR. HOWARD: Let the record show, the objection is being made after retirement of the jury and made in such manner at the express request of counsel for the plaintiffs. Let the record further show, it is the contention of the defendants that counsel for the plaintiffs was arguing to the jury, in effect, they had a right to consider sympathy in arriving at a verdict and that they should not disregard sympathetic consideration.

"THE COURT: May I state for the record, at the time the court sustained the objection made by defendants counsel, counsel for the plaintiff asked for permission to make a record of his objections to the court's ruling and the court said he would permit him to do so."

Appellants, in their brief, argue that the trial court abused its discretion in refusing to allow counsel to read to the jury a dictionary definition of the word sympathy. We do not agree. It is familiar law that definition of terms and statements of law are to be given by the court by way of instruction to the jury rather than by argument of counsel. *Heard* v. *Farmers Bank of Hardy,* 174 Ark. 194, 295 S. W. 38. It goes without saying that the word sympathy is a common, ordinary, workaday word which is within the immediate understanding and comprehension of veniremen.

Turning to the immediate issue, it is well that this court lay to rest the proposal that sympathy as a proper ground for recovery is without merit. The very nature of the word and its import upon an issue at trial is often inseparable from the facts in any given circumstance. But there it should remain, to go no further. For that reason we adopt the clear language as set out in 53 Am. Jur. Trial, § 496, p. 401, which is as follows:

"While sympathy for suffering and indignation at wrong are worthy sentiments, they are not safe visitors to the courtroom. They may not enter the jury box, nor be heard on the witness stand, nor speak too loudly through the voice of counsel. It is, therefore, improper for counsel to appeal to the sympathy of the jury, either directly or indirectly . . ."

Affirmed.