832

## ARKANSAS STATE HIGHWAY COMMISSION
### v. FRANK M. HAMBUCHEN ET UX

5-4372 422 S. W. 2d 688

### Opinion delivered January 15, 1968

*John R. Thompson, Billy Pease, Louis A. Dodrill,* for appellant.

*Guy H. Jones* and *Clark & Clark,* for appellees.

GEORGE ROSE SMITH, Justice. This is a condemnation suit in which the Highway Commission is taking 3.18 acres out of an 8.7-acre tract owned by the appellees. At the trial the condemnor's theory, supported by the testimony of its expert witnesses, was that the con-

struction of the proposed highway would enhance the value of the uncondemned portion of the Hambuchens' tract to such an extent that they would actually benefit by the taking. The jury rejected that theory, fixing the landowners' just compensation at $30,000. The Commission urges two points for reversal.

First, it is contended that the court erred in refusing to allow the Commission to introduce an option contract, which had expired before the date of trial, by which Humble Oil & Refining Company had paid $400 to the Hambuchens for an option to purchase the 8.7 acres for $85,000. The agreement was executed on May 20, 1966, which was less than three weeks before this condemnation action was filed. It is evident that the parties anticipated the condemnation, for the contract provided that if any part of the premises had been condemned before the sale was consummated, the Hambuchens would assign to Humble the right to receive any condemnation award that might be made.

We find it necessary to explain at what stage of the trial the condemnor sought to introduce the option agreement. The landowners, having the burden of proof on the issue of value, rested their case after having produced only two witnesses. Both were experts in appraising real estate. One testified that the value of the tract before the taking was $85,750 and that the value of the remainder after the taking was $43,650. The other put the before and after values at $85,300 and $43,000.

The Commission opened its defence by calling Hambuchen himself as its initial witness. Counsel first elicited the information that Hambuchen had paid $16,-000 for the 8.7-acre tract, acquiring it by three separate purchases made in 1955, 1961, and 1962. Counsel then offered the Humble option contract, which Hambuchen and his wife admittedly had signed. Upon objection the court ruled that the contract was not admissible, for the reason that Humble had allowed it to expire before the date of trial.

The Commission's attorneys readily concede that ordinarily offers to purchase are not admissible. As we pointed out in *Hinton* v. *Bryant*, 232 Ark. 688, 339 S. W. 2d 621 (1960), isolated offers to purchase are mere hearsay declarations of third persons, not made under oath and not subject to coss-examination.

Here, however, the Commission insists that the option contract was admissible to prove its theory that the condemnation and highway construction actually benefited the landowners. We are not certain that we fully understand the appellant's argument. To avoid any possibility of misstatement we quote the essential language in its brief:

> Obviously, the appellant's purpose in calling Mr. Hambuchen as its witness was to put evidence before the jury of enhancement to the remainder of the appellees' land after condemnation. The option which the Hambuchens had given to Humble Oil Company was a vital part of this proof. The enhancement would have been very obvious to the jury had they known of the option. Mr. Hambuchen had purchased land a few years prior to the condemnation proceedings for a total amount of $16,-000.00 which could now be sold to Humble Oil Company for $85,000.00, a difference of $69,000.00. An investment of $16,000.00 for a total of 11 years with a net return of $69,000.00 is a tidy profit indeed. The fact that the Arkansas State Highway Department is constructing an Interstate Highway near Mr. Hambuchen's land has made him $69,000.00 richer, yet the trial court ruled that it would be prejudicial to introduce such testimony. . . .
>
> Appellant should have been allowed to elicit testimony from Mr. Hambuchen about the option which he had entered into with Humble Oil Company for $85,000.00. Such testimony is admissible in an eminent domain proceeding as an admission against interest. . . .

It can easily be seen how inflated offers could be conjured up by a landowner who wanted to inflate the value of his land in a condemnation proceeding. But a bona fide offer of a substantial amount by a substantial corporation could hardly be falsified, and in this case the existence of the option was admitted by the landowner and a copy introduced of record. The exclusion of evidence as to the option ... constituted reversible error and was highly prejudicial to the appellant's theory of enhancement.

There are two patent defects in counsel's train of reasoning. One, the option agreement, standing alone, had no tendency to prove that the enhanced value of the land was attributable to the proposed construction of the highway. The only two preceding witnesses had said that the construction actually damaged the Hambuchens by more than $40,000. The Commission's expert witnesses had not yet taken the stand. We fail to see how the jury could have inferred from the naked option contract that the enhanced value was attributable to the interstate highway.

Two, counsel's entire argument plainly rests on the assumption that the jury were entitled to conclude from the contract that *Humble* valued the land at $85,000. Why else would counsel say that "a bona fide offer of a substantial amount by a substantial corporation [there is no proof to that effect] could hardly be falsified"? Yet, as we have already seen, the contract was not competent proof of Humble's evaluation of the land, being neither under oath nor subject to cross-examination.

We are not convinced by the suggestion that the option agreement was admissible as a declaration by the Hambuchens against their interest. That might be true if they were contending that the 8.7 acres were worth substantially more than $85,000. In that event it would doubtless be proper for the Commission to prove that they had shown their willingness to sell for a much smaller figure. For instance, in *Hersey* v. *Merrimack*

*County Mut. Fire Ins. Co.,* 27 N. H. 149 (1853), the owner contended that an insured dwelling house had been worth $600. The court rightly permitted the defending insurance company to prove that shortly before the house burned down the plaintiff had offered to sell it for $250. That offer, when laid beside the plaintiff's trial testimony, was clearly a declaration against his pecuniary interest. There is, however, no parallel in the case at bar, for Hambuchen expressed no opinion about the value of his land before the taking, and his witnesses gave substantially the same figure as that contained in the option.

The Commission's second point for reversal is that the court erred in instructing the jury that the Commission had the burden of proving that the highway had enhanced the value of the property remaining after the taking and that the benefits were of a special and peculiar nature, not shared by the general public. We have so held; so there was no error. *Martin* v. *Raulston,* 239 Ark. 769, 394 S. W. 2d 133 (1965).

Affirmed.

BYRD, J., dissents.