The BUCKEYE CELLULOSE CORPORATION
*v.* John W. VANDAMENT

73-266                                    508 S.W. 2d 49

Opinion delivered April 22, 1974

*Davis, Plegge, Lowe & Whitmore* and *Wright, Lindsey & Jennings,* for appellant.

*Tom Gentry* and *James L. Sloan,* for appellee.

FRANK HOLT, Justice. Appellee, an electrician, was injured when he fell from a ladder due to an electrical shock caused by appellant's asserted negligence. Appellee suffered a laceration of the left elbow, a severe low back pain, and a comminuted fracture of the left heel bone. He was hospitalized about ten days during which time an operation was performed on his foot. Evidence was adduced that the foot injury resulted in a 30% disability to the left leg below the knee which disabled him from performing further work as an electrician except part time electrical work on level surfaces. He used crutches about two months and now uses a cane at times to walk. He experiences psychological electric shock when he showers and pain when he walks as far as one block. He was 64 years of age with a life expectancy of 13 years, Ark. Stat. Ann. § 50-705 (Repl. 1971). At the time of the injury, he was earning $300 a week, including overtime. It appears that he seldom missed a day's work and regularly worked a 50 week year. There were fellow employees who were in their late 70's. Appellee's medical bills totaled $2,171.77. A jury awarded appellee $157,500.

For reversal appellant contends that the "court erred in not granting appellant's motion for a mistrial because of improper and prejudicial remarks made by appellee's counsel in his closing argument to the jury, [and] concurred in by the trial judge" and also that the verdict is excessive. During appellee's closing argument the following occurred:

[Appellee's attorney]

No, ladies and gentlemen of the jury, this is the only chance Mr. Vandament is going to have to put his case before a jury of his peers, this is his last chance, he can't come back and we ask you when you go out there in that jury room that if you decide the amount and there's some argument about how much, we ask you to decide the larger amount because his Honor there, if you give him too much, can cut it down, but if you give him too little, he can't increase it.

Ladies and gentlemen of the jury, I sincerely appreciate the two days I've been over here with you and the attention and courtesies and respect which you have shown to the Court and to all of us. Thank you very much.

THE COURT:

The request has been made that the Court instruct the jury to disregard the remarks about the court having authority to reduce the verdict. I suppose it is improper argument, it is the law but probably is not a proper argument to present to the jury. In any event, you are instructed to disregard it.

\*\*\*\*\*\*\*\*

THEREUPON,

IN CHAMBERS, while the jury was deliberating in the jury room, the following motion was made:

[Appellant's attorney]

The defendant would like to move that the Court declare a mistrial on the grounds that the argument of counsel was extremely prejudicial in that he asked the jury to give an extraordinary and unusually large amount of money with the view toward having the Judge reduce it, that was a grossly improper argument and was highly prejudicial to this defendant and I would like to have a mistrial.

THE COURT:

Overruled.

We must agree with appellant that the remark to the jury was prejudicial and the court's ruling was insufficient to correct its impact. It is true that a trial court is accorded great latitude in correcting any prejudicial effect of argument by counsel and we do not reverse unless it appears manifest that prejudice resulted from the improper argument and the court's admonition, if given, is not sufficient to eliminate and remove from the jurors' minds the possibility of that effect. *Martin* v. *Langley,* 252 Ark. 121, 477 S.W. 2d 473 (1972), *Tri-State Transit Company of Louisiana, Inc.* v. *Westbrook,* 207 Ark. 270, 180 S.W. 2d 121 (1944), and *Missouri Pacific Railroad Co.* v. *Hood,* 198 Ark. 792, 131 S.W. 2d 615 (1939). As early as *Vaughan* v. *State,* 58 Ark. 353, 24 S.W. 885 (1894), we said:

> ****[w]henever it occurs to us that any prejudice has most likely resulted therefrom, [improper argument] we shall not hesitate to reverse on that account.

There is a presumption that every error is prejudicial unless it is demonstrated otherwise, or manifestly is not. *Ark. State Highway Comm'n* v. *Jensen,* 253 Ark. 795, 489 S.W. 2d 5 (1973). Further, when we cannot say with confidence that the error is not prejudicial we reverse. *Allen* v. *Ark. State Hwy. Comm'n,* 247 Ark. 857, 488 S.W. 27 (1969). In *Kansas City Sou. Ry. Co.* v. *Murphy,* 74 Ark. 256, 85 S.W. 428 (1905), we said:

> In the final analysis, the reversal rests upon an undue advantage having been secured by argument which has worked a prejudice to the losing party not warranted *by the law and facts of the case.* (Emphasis added.)

Justice Battle, writing for the court in *Kansas City, &C., R. Co.* v. *Sokal,* 61 Ark. 130, 32 S.W. 497 (1895), said:

> Courts are instituted for the purpose of enforcing the right, and redressing wrongs, according to the laws. In jury trials, evidence is adduced for the purpose of ascer-

> taining the truth, and instructions are given by the court to inform the jury as to the law applicable to the facts. Jurors should ascertain the truth from the evidence, and apply the law as given by the court to the facts as they find them, and return a verdict accordingly. Except as to those facts of which courts take judicial notice, juries should consider only the evidence adduced. Arguments by counsel of the evidence adduced and the law as given by the court are allowed only to aid them in the discharge of their duty. Within these limits counsel may present their client's case in the most favorable light they can. When they go beyond them, and undertake to supply the deficiencies of their client's case by assertions as to facts which are unsupported by the evidence, or by appeals to prejudices foreign to the case, they travel outside of their duty and right, and abuse the privilege of addressing the jury by using it for a purpose it was never intended to accomplish; for such assertions or appeals can serve no purpose except to mislead the jury and defeat the ends of the law *in requiring them to confine their consideration to the evidence adduced and the law embodied in the instructions of the court.* (Emphasis added.)

Therefore, even though argument of counsel is a correct statement of the law, it does not necessarily follow that counsel's argument is proper or non-prejudicial. It is within the province of the court only to tell the jury what the appropriate rules of law are in each case. *Barrow* v. *Bolton,* 235 Ark. 595, 361 S.W. 2d 90 (1962).

The tactic of argument to the jury that the court has the authority to reduce their verdict if too large and cannot increase it if too small has received strong disapproval by other courts where that issue was presented. *Cleveland Ry. Co.* v. *Crooks,* 130 Ohio St. 255, 198 N.E. 867 (1935), *Lehman* v. *Haynam,* 104 Ohio App. 198, 147 N.E. 2d 870 (1957), and *White* v. *Chicago, & N.W. Ry. Co.,* 145 Iowa 408, 124 N.W. 309 (1910). As stated in *White,* the argument was a "direct appeal to the jurors to forswear their duty and shift the burden to the court, and ought not to have been tolerated. The line of argument pursued, in effect, was that the jurors would be blamable if the assessment of damages were too low, while they might shirk all responsibility by putting it too high and allow the court to reduce it."

In the case at bar, the ruling given by the court was clearly insufficient to remove the prejudicial effect of the argument even though inadvertently made. Although the court told the jury to disregard the argument, the form of his ruling was dubious and perhaps actually reinforced the prejudicial effect of counsel's argument by telling the jury that it is the law. The jury's duty is to impartially assess damages upon a basis of fair compensation uninfluenced by argument on a subject of law or evidence that is extraneous to the case.

In the light of what has been said, we have no alternative other than to reverse the judgment and remand the cause. We deem it unnecessary to discuss appellant's contention that the verdict is excessive in view of a retrial.

Reversed and remanded.