HANNA LUMBER CO. *v.* Cleman NEFF, d/b/a
CLEMAN NEFF DESIGN BUILDER

78-280                                                    579 S.W. 2d 95

Opinion delivered April 9, 1979
(Division II)

*Jones & Segers,* for appellant.

*Kelly, Luffman & Matthews,* P.A, for appellee.

FRANK HOLT, Justice. Appellee brought suit against appellant to recover damages allegedly caused by the failure of a truss system manufactured by appellant. The jury awarded appellee $9,500. The court ordered a remittitur of $1,930.57. We first discuss appellant's contention that the court erred in admitting certain checks into evidence to prove damages.

Appellee purchased prefabricated wood trusses from appellant to be used in appellee's construction operations. During construction of a building for which the trusses were purchased, the entire truss system collapsed after a bottom

cord broke when one of appellee's workmen stood on it. In support of its proof of damages, over appellant's objection, the court admitted into evidence certain checks signed by appellee or his employee on appellee's bank account. The checks were offered to establish amounts paid by appellee to various parties for building new trusses and repairing damages to the building caused by the failure of the trusses. Some of the checks covered payments on other projects not relevant to the job in the case at bar. The checks (totaling $12,723.23) contained "little notations" on them (totaling $6,304.46). These notations indicated the amount included in each check which was attributable to the job or damages in question. It is these notations to which the appellant objected. It argues that the admission of these checks, with the notations, into evidence violated the hearsay rule of evidence. The appellee responds that the checks fall within the business record exception to that rule as set out in Ark. Stat. Ann. § 28-1001, Rule 803 (6) (Supp. 1977).

We agree with appellant that the checks constituted a violation of the hearsay rule. Neither do they fall within the business records exception. There was no showing that the notations were made at the time the checks were written or that it was a regular practice of the business to make such notations. Appellee's testimony as to his damages was based upon these notations; he could not identify the source of the notations; he did not bring his business ledgers or books; and he could not testify from memory as to the work done by the parties to earn the amount noted on the checks. Error is presumed to be prejudicial unless it is demonstrated to be otherwise or is manifestly not prejudicial. *Buckeye Cellulose* v. *Vandament,* 256 Ark. 434, 508 S.W. 2d 49 (1974). Here we cannot say with confidence that the asserted error was not prejudicial.

Appellant also contends that the court erred in not directing a verdict in its favor as there was no evidence that its negligence in constructing the alleged defective trusses or its breach of a warranty was the proximate cause of appellee's damages. We cannot agree with these contentions. On appeal we view the evidence in the light most favorable to the appellee. *Green* v. *Harrington,* 253 Ark. 496, 487 S.W. 2d 612

(1972). If there is any evidence in favor of the party against whom the directed verdict is sought, it is error for the court to take the matter from the jury. *Home* v. *Mutual Fire Ins. Co.* v. *Cartmell*, 245 Ark. 45, 430 S.W. 2d 849 (1968). In *St. Louis-San Francisco Ry. Co.* v. *Bishop*, 182 Ark. 763, 33 S.W. 2d 383 (1930), in discussing proximate cause, we said: "It will be sufficient if the facts proved are of such a nature and are so connected and related to each other that the conclusion therefrom may be fairly inferred."

As indicated, the appellee purchased prefabricated wooden trusses from the appellant. They were manufactured according to preengineered specifications. The truss system collapsed the day following its installation. This occurred when a truss on which appellee's employee was standing broke causing the remaining truss system to fall. According to appellee's evidence, an inspection following the collapse revealed that pin knots went all the way through the trusses which weakened the tensile strength of them. This would affect the capability of the trusses to withstand shifting. The joints showed weather cracking. The weak and defective condition of the trusses was the cause of the collapse of the trusses. Before they fell, a loud "pop" was heard. The trusses did not fall in the same direction, although it was indicated that, if trusses fell due to inadequate bracing, they would topple in the same direction like dominoes. We hold there was sufficient evidence to enable fair-minded men to draw the inference that the negligence of appellee proximately resulted in the injuries to appellee.

In its argument as to breach of warranty, appellant cites *Jones* v. *Atkins*, 254 Ark. 472, 494 S.W. 2d 448 (1973), as standing for the proposition that a buyer is precluded from recovering consequential damages in a breach of warranty action when the buyer uses the nonconforming goods. A reading of that case shows, however, that the mere acceptance of the goods does not bar a claim for damages due to nonconformity. When it is reasonable to use the goods without inspection, recovery is not precluded. Ark. Stat. Ann. § 85-2-715 (2) (b) Comment 5 (Add. 1961). Here it was not the policy of the appellee to inspect the trusses when they were delivered inasmuch as they were represented and

accepted as structurally sound. Upon delivery, they were stacked and banded together which prevented inspection. A limited inspection could only be made as the prefab material or section (250 to 550 lbs.) was hoisted into place during installation. The installation process itself made it virtually impossible to inspect the prefabricated truss system. In summary, the truss system was manufactured by appellant according to preengineered specifications, stamped and approved by appellant for use. It was accepted and understood by appellee as being reliable or fit for the purpose or use for which the trusses were designed and assembled, i.e., roof support. A cursory inspection would not reveal the flaw in the design or material which proximately caused the collapse of the system. The court did not err in failing to direct a verdict on the basis of lack of evidence of proximate cause on the issue of a breach of warranty.

It is also contended that the court erred in admitting evidence of the cost of replacement trusses, because appellee had not paid for the original trusses, and the court incorrectly gave jury instruction No. 11. With regard to the evidence of the cost of replacement trusses, appellant argues that the evidence was irrelevant and confusing and should have been excluded under Ark. Stat. Ann. § 28-1001, Rules 402 and 403 (Supp. 1977). Appellee responds that the evidence was properly admitted, arguing that he, as was his right under Ark. Stat. Ann. § 85-2-608 (Add. 1961), revoked his acceptance of the trusses and, under § 85-2-711, "covered" or purchased substitute goods in good faith and without reasonable delay. Thus, the difference in the price of the original trusses bought from appellant and the replacement trusses was the "essence" of what appellee was seeking to recover, as provided for in § 85-2-712. Further, the appellee contends that, if he did not effectively pursue this remedy, the evidence was relevant to the issue of damages for breach of warranty of accepted goods. Finally, he argues that, if the difference in value test is used, the evidence was relevant in determining both the reasonable market value of the trusses if they had been as warranted and the value of the collapsed trusses as salvage.

We agree that the evidence was relevant in determining

the amount of damages attributable to a breach of warranty. § 85-2-714 provides that, in a proper case, any incidental and consequential damages stemming from a breach in regard to accepted goods may be recovered. The difference in the cost of the original and replacement trusses could be a proper element of such consequential damages. Accordingly, the court was correct in its admission of the evidence.

As to appellant's argument that the court incorrectly gave Instruction No. 11, we point out that AMI Civil 2d 2221, from which that instruction was formulated, does, as appellee notes, permit the insertion of the elements of damages. However, in the "Note on Use" for that instruction, it is provided that the instruction must be completed by inserting the appropriate element of damage from among AMI 2222 through 2228; there is no provision for the court to insert language such as was used in the instruction here. We have said that it is impermissible to use a substitute instruction in place of an applicable AMI and, if an applicable AMI is not used, the court must state the basis for its refusal to use it. *Gatlin* v. *Cooper Tire & Rubber Co.*, 252 Ark. 839, 481 S.W. 2d 388 (1972). See also *C.R.I. & P.R.R. Co.* v. *Hughes,* 250 Ark. 526, 467 S.W. 2d 150 (1971). Here the court gave no reason for its modification of the applicable AMI provisions, and in view of a possible retrial, we cannot agree that the instruction, as given, was not confusing.

The appellant next asserts that the trial court erred in its entry of judgment on the jury's findings inasmuch as the jury's answers to the interrogatories were inconsistent with its general verdict. We need not discuss this contention since it is not likely to happen upon retrial.

For the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.