## Mary BOYKIN *v.* STATE of Arkansas

CA CR 80-28                  603 S.W. 2d 911

### Court of Appeals of Arkansas
### Opinion delivered September 17, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Jack R. Kearney*, Deputy Defender, Little Rock, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen.., Little Rock, for appellee.

MARIAN F. PENIX, Judge. Appellant Mary Boykin appeals from a judgment and conviction of theft of property. She was sentenced to one year in the Pulaski County jail after trial in the Municipal Court of Little Rock. She appealed to Pulaski County Circuit Court and waived jury trial. The Court convicted her of theft of property and sentenced her to one year in the Pulaski County jail and fined her $500.00.

Appellant argues two points for reversal. First, she contends her verdict should be reversed for lack of evidence to support a finding of guilt. Second, she alleges error in the Court's refusal to allow certain testimony to support her defense of mistaken identity.

A Wal-Mart clerk, Chuck Cawley, saw two couples of young, black women pushing shopping carts. The clerk testified he saw appellant standing at the information booth by a cart containing an unpaid for television set and shelving. He said he also saw one member of the other black couple putting merchandise into another shopping cart. He then saw the appellant push the cart containing the television set out the door without paying for the merchandise. He went to the nearest cashier to use the hotline to report this to the management. He testified he at all times had his eyes on the appellant and was certain she was the person who had taken a shopping cart out containing stolen merchandise.

Eldon Hendricks, the assistant store manager, testified he responded to the call, came to the front of the store, and was told by Chuck Cawley the two women had gone out the front door. He also stated Chuck Cawley pointed to the two women whom he had seen leaving the store with the cart. The two women were walking down an aisle in the parking lot and away from the store. The shopping cart containing the television set and the shelving was between two cars where Mr. Cawley had seen them leave it. Mr. Hendricks identified the appellant as one of the women he had arrested and as one of the women identified to him as a shoplifter by Mr. Cawley.

Appellant testified she viewed all the actions described by the Wal-Mart clerk except she denies being the one who pushed the cart with stolen goods out of the store. The appellant does not contend she was not present in Wal-Mart at the time of the shoplifting incident but rather that her conviction represents a mistaken identity and that another person committed the crime for which the appellant was convicted.

Peggy Watson, a witness called on behalf of the appellant, was a member of one of the black couples seen near the exit by Mr. Cawley. She testified her friend Elaine

Tillman pushed the cart out. The appellant attempted to ask Ms. Watson if Elaine Tillman had plead guilty to shoplifting for pushing the cart out of the store. The objection made by the State to this question was sustained by the Court.

We will first deal with appellant's second point argued for reversal.

At several points during the trial, appellant attempted to question witnesses about a woman named Elaine Tillman and her possible involvement in the shoplifting. Testimony established that Elaine Tillman had been at the store on the same date, at the same time, and in the same general vicinity as appellant when the crime was allegedly committed. Appellant contends the evidence established that, not only were appellant and Elaine Tillman not together, but were so separated that should one of them have been guilty of pushing the cart out, then the other could not have been – nor could the other have been an accomplice, on the evidence before the Court. While Peggy Watson testified she was with Elaine Tillman and the appellant was not, her attempts to testify to the proceedings in Municipal Court were disallowed by the Circuit Judge.

At one point, the appellant asked Peggy Watson if Elaine Tillman had been convicted in Municipal Court. A general objection was made by the State. This was sustained by the Court:

> Mr. Jenkins: Your Honor, I would like to ask the Court to rule again on the last objection. I think she can testify as to what she heard.
>
> The Court: You asked her something that happened some place else. You asked her about something that happened in Court which you did not qualify her as being present.
>
> Mr. Jenkins: I don't understand what you're saying to me Your Honor. I'm a little dense this morning, but I don't understand why she can't testify as to what she actually heard or saw.

The Court: You asked her a moment ago about what happened — whether they were convicted or not. I sustained the objection.

Mr. Jenkins: I thought the objection was to what Elaine said. I'm sorry.

The Court: No, the objection was: Was she convicted?

After the Court explained its reason for sustaining the objection, the appellant's counsel did not pursue the question, attempt to lay a foundation for the question or proffer the testimony which was being excluded.

On cross-examination of Mr. Cawley (the first witness called) the following exchange occurred:

Q. Did you testify in Municipal Court in Little Rock?

A. Yes, sir, I sure did.

Q. In that proceeding did a spectator in the audience get up and tell the Court that she was the one that pushed the —

Ms. Renaud: Objection, Your Honor, that would be hearsay.

The Court: Objection sustained.

Mr. Jenkins: Your Honor, it would not be hearsay if he heard her say it. If he can testify as to what he actually heard someone say.

Ms. Renaud: It would be an out of court statement for the truth of the matter asserted.

The Court: Is that person making a statement in the Court today?

Mr. Jenkins: Your Honor, I have not had time to subpoena her.

The Court: The objection will be sustained.

This was the first witness called. The thrust of the question was not explained to the Court. Appellant made no attempt to pursue the question or to explain to the Court the defense the appellant was using — that of mistaken identity. Again, no evidence was proffered for the record to object to the Court's ruling.

Rule 103, Ark. Stat. Ann. § 28-1001 (Repl. 1979) states:

Rule 103. Rulings on evidence. — (a) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
(2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Nowhere in the record do we find compliance with this rule.

Appellant's other point argued for reversal is there was insufficient evidence to sustain a conviction. A review of the evidence shows a positive identification of appellant by Chuck Cawley as the woman who pushed the cart containing the unpaid for merchandise out of the store. While both the appellant and Peggy Watson testified the apellant did not push the cart out of the store, the trier-of-fact gave more credence to the testimony of Chuck Cawley. The trier-of-fact was in a position to observe the witnesses and to judge their credibility. This court will not reverse a finding of fact unless there is no substantial evidence to support it. *Pope* v. *State*, 262 Ark. 476, 557 S.W. 2d 887 (1977).

Affirmed.