CHAPPELL CHEVROLET, INC. *v.*
Steve S. STRICKLAND

CA 81-264                                    628 S.W. 2d 25

Court of Appeals of Arkansas
Opinion delivered February 17, 1982

*Steven E. Vowell,* for appellant.

*Van T. Younes,* for appellee.

TOM GLAZE, Judge. This appeal arises from a jury award to appellee who filed a breach of contract action against appellant for its failure to deliver a 1978 Pace Car Corvette. Appellant argues that the trial judge admitted inadmissible hearsay evidence which erroneously formed the basis for the $8,590 damages awarded appellee.

The facts are undisputed. Appellee is a Chevrolet dealer in Alabama, and in 1978, he spent a great deal of his time calling Chevrolet dealers in other states in an effort to purchase 1978 Pace Car Corvettes. This model Corvette was a special limited edition and each Chevrolet dealer in the country received at least one such model.

In this connection, appellee called appellant, which agreed to sell its Pace Car Corvette to appellee for the "sticker price" of $14,410.21. This same day, appellee mailed appellant an agreed $500 deposit check to bind the agreement. The balance of the sale price was to be paid appellant when he received delivery of his Corvette from the manufacturer.

Two months later, appellant decided not to sell the car to appellee, and appellant attempted to refund the $500 deposit. Appellee declined the refund and chose to enforce the agreement. Ultimately, appellee filed this action requesting damages for breach of the parties' agreement.

At trial, appellee presented testimony on the damages he incurred due to appellant's failure to deliver the Corvette. To establish the market price of the Corvette at the time of appellant's breach, appellee testified the car's value was $22,500. Although appellant objected that this price was not based on its value at the place of tender, *i.e.,* Berryville, Arkansas, appellee stated the $22,500 was a national price for

the Corvette and was indeed the market price at Berryville as well as in other cities and towns throughout the United States. Appellee and his father, who was in business with appellee, testified that they had contracted for over sixty 1978 Pace Car Corvettes in at least nine states and had sold each one for $22,500.

Additionally, appellee, in his testimony, alluded to a 1978 Wall Street Journal ad section which contained twelve advertisements reflecting this same model Corvette for sale in different states with prices ranging from $21,500 to $50,000. Appellant objected to the admission of these ads and related testimony on hearsay grounds and again, on the basis that they had no relevance to establishing a value of a 1978 Pace Car Corvette in Berryville, Arkansas. The court admitted the ads into evidence for the limited purpose of establishing how appellee arrived at the fair market value or national price of $22,500 for which he sold Corvettes in other states. We believe the trial court ruled correctly.

Concerning the market price, our Uniform Commercial Code requires the market price to be determined as of the place of tender or, in cases of rejection after arrival or revocation of acceptance, as of the place of arrival. Ark. Stat. Ann. § 85-2-713 (2) (1961 Add.). However, when the current market price under § 85-2-713 is difficult to prove or is not readily available, the court is granted reasonable leeway in receiving evidence of current prices in other comparable markets or at other times comparable to the one in question. See Ark. Stat. Ann. § 85-2-723 (1961 Add.) and its Comment. The record clearly reflects that there were relatively few of these model Corvettes in each state which, in turn, made it difficult to prove a market price in a given geographic location. Appellant never offered to show there was a ready market price in the Berryville, Arkansas, area, and we are unable to say the trial court abused its discretion in permitting appellee to testify to a national price of $22,500, which was based on over sixty firsthand sales he had made of similar Corvettes in at least a nine-state area.

Although we find appellee properly established the market price of the Corvette in question, appellant still

contends the damages awarded were affected by the Wall Street Journal ads admitted into evidence. The ads are unquestionably hearsay, but we fail to see any harm suffered by appellant because of their introduction. Appellant cites the well-known rule that any error by a lower court is presumed to be prejudicial unless we can say with assurance that it was not prejudicial to the rights of the appellant. *Arkansas Public Service Commission* v. *Yelcot Telephone Company*, 266 Ark. 365, 585 S.W. 2d 362 (1979).

As was true with the court in *Yelcot*, we have no trouble in stating with complete assurance that the assigned error did not prejudice the appellant. With the exception of one ad which reflected a 1978 Pace Car Corvette for sale at $21,500, all other ads introduced varied in asking prices of at least $25,000 to $50,000. The court clearly instructed the jury that the ads were allowed into evidence for the sole purpose of showing the basis for the price of $22,500, which was the price appellee sold over sixty other comparable vehicles in approximately nine states. Since the damages awarded were exactly $8,590, the $22,500 figure obviously was accepted by the jury as opposed to any figures appearing in the ads. To illustrate this point, if you take $22,500 (market price) minus $14,410 (list price appellee was to pay appellant) plus $500 (amount appellee deposited with appellant), the net amount of damages equals $8,590. In view of the amount determined by the jury as damages, we have no doubt that it relied on the national price established by appellee rather than the substantially higher prices contained in the ads.

Appellant argues one last point for reversal, contending that appellee was barred from bringing this action for breach of contract, because he had previously filed, but dismissed without prejudice, an earlier suit against appellant, seeking to specifically perform the parties' agreement. Although appellant raised this election of remedy issue as an affirmative defense in its answer, the issue was not contained in the trial court's pre-trial order. Under Rule 16 of the Arkansas Rules of Civil Procedure, the pre-trial order, when entered, controls the subsequent course of the action. Therefore, it was appellee's contention, and the trial court

agreed, that appellant could not raise the election of remedy issue at trial time since it was not a part of the pre-trial order.

Rule 16 does permit the trial court to modify its pre-trial order at the trial to prevent manifest injustice. While this may be true, the record in this cause does not reflect that the appellant requested the pre-trial order to be amended to include the election of remedy defense nor does it show that appellant offered any evidence to prove such a defense. We have ruled many times that there must be a proffer of the evidence that is improperly excluded for us to find error. *Parker* v. *State*, 268 Ark. 441, 597 S.W. 2d 586 (1980); *Boykin* v. *State*, 270 Ark. 284, 603 S.W. 2d 911 (Ark. App. 1980); *Goodin* v. *Farmers Tractor & Equipment Company*, 249 Ark. 30, 458 S.W. 2d 419 (1970). See also Rule 103 (a) (2), Uniform Rules of Evidence. The appellant started to offer testimony on this issue, appellee objected, and appellant failed to pursue the matter any further after the trial court held the election of remedy defense was not made a part of the pre-trial order.

Even if appellant had moved for the order to be appropriately modified and had proffered evidence in support of his election of remedy defense, we are still of the opinion the trial court's decision to exclude evidence on the issue should be affirmed. As previously noted, the trial court under Rule 16 may permit its pre-trial order to be modified at trial to prevent manifest injustice. The trial court ruled it would not amend its order and we believe the record supports the court's decision. In doing so, we adopt the reasoning and rule in *Sherman* v. *United States*, 462 F. 2d 577 (5th Cir. 1972), wherein the court stated:

> The trial judge is vested with broad discretion to preserve the integrity and purpose of a pretrial order. Basically, these orders and stipulations, freely and fairly entered into, are not to be set aside except to avoid manifest injustice. Fed. R. Civ. P. 16. However, in the interest of justice and sound judicial administration, an amendment of a pre-trial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment

might result in injustice to the movant, and the inconvenience to the court is slight. [Citations omitted.]

Applying the rule in *Sherman* to the facts at bar, we believe the inconvenience to the court was substantial rather than slight. Moreover, we also believe that appellee would have been greatly injured by the court's permitting a belated amendment to the pre-trial order which would have allowed appellant to urge a defense to which appellee was not prepared to respond. The election of remedy issue could have been raised and decided before any trial. If appellant had done so and prevailed, no trial on the merits of appellee's case would have been necessary. Instead, appellant failed to raise the issue at pre-trial and waited to present it after the jury was impaneled and testimony was elicited on the issue. We are of the opinion that appellant's delay in raising the election of remedy issue at trial placed the appellee in a position where it would have been difficult for him to respond to evidence on the issue without an opportunity and time to prepare and present rebuttal evidence. Under the facts presented, we do not believe the trial court's ruling to exclude testimony on the election of remedy issue was an abuse of discretion.

Affirmed.

MAYFIELD, C.J., dissents.

MELVIN MAYFIELD, Chief Judge, dissenting. In this suit against a Chevrolet car dealer in Berryville, Arkansas, the appellee, a Chevrolet dealer in Uniontown, Alabama, testified that the market value of the 1978 Pace Car Corvette involved here was $22,500.

He then offered in evidence a copy of the classified ad section of the Wall Street Journal dated May 5, 1978, in which there were seven separate advertisements offering to sell 1978 Corvette Pace cars or "Indy" Pace Cars for prices ranging from a low of $21,500 to a high of $50,000.

The appellant objected to the introduction of this page of the newspaper on grounds that it was hearsay and not

admissible to prove market value under either the Uniform Rules of Evidence or the Commercial Code. The court overruled the objection saying, "I am going to admit it for the limited purpose of going to the question of how he arrived at the fair market value that he's stated on these cars."

I think the court was clearly in error. In *Golenternek v. Kurth,* 213 Ark. 643, 212 S.W. 2d 14 (1948), the court quoted with approval from American Jurisprudence to the effect that proof of mere offers to buy or sell is not competent to show the value of property. *Golenternek* involved an automobile and the case was cited in *Hinton v. Bryant,* 232 Ark. 688, 339 S.W. 2d 621 (1960), a case involving a set of platform scales, where the court said "isolated offers for the purchase of property are not ordinarily competent evidence of its value." And in *Arkansas Hwy. Comm. v. Hambuchen,* 243 Ark. 832, 422 S.W. 2d 688 (1968) the court said: "As we pointed out in *Hinton v. Bryant* . . . isolated offers to purchase are mere hearsay declarations of third persons, not made under oath and not subject to cross-examination."

This rule is not peculiar to Arkansas. See *Peterson v. Valley National Bank of Phoenix,* 102 Ariz. 434, 432 P. 2d 446 (1967); *State v. Morehouse Holding Co.,* 357 P. 2d 266 (Or. 1960); *United States v. Smith,* 355 F. 2d 807 (5th Cir. 1966); and see generally III Wigmore, *Evidence* § 719 (Chadbourn rev. 1970).

Now it should be noted that the page of the newspaper introduced into evidence did not contain market reports or quotations which would be admissible under Rule 803 (17) of the Uniform Rules of Evidence, but mere offers to sell —hearsay and inadmissible. The majority admits the ads were hearsay but says "we fail to see any harm suffered by appellant because of their introduction."

In *Hanna Lumber Co. v. Neff Design Builder,* 265 Ark. 462, 579 S.W. 2d 95 (1979) where hearsay had been improperly introduced, the Supreme Court of Arkansas reversed saying: "Error is presumed to be prejudicial unless it is demonstrated to be otherwise or is manifestly not prejudicial."

And in *Wallin* v. *Ins. Co. of North America,* 268 Ark. 847, 596 S.W. 2d 716 (Ark. App. 1980) the Arkansas Court of Appeals in reversing because hearsay evidence had been admitted said:

> While unquestionably there was ample competent evidence in the record to sustain the verdict of the jury, we could only speculate or surmise as to whether the incompetent evidence influenced the jury in finding for the appellees. Under such circumstances we cannot say the ultimate result was not affected and that there was no prejudice to the appellants. The rule is that error in the trial is presumed to be prejudicial unless the court on appeal can say with assurance the error is harmless. (Citations omitted.)

I am unable to share the majority's assurance that the admission of the ads in the Wall Street Journal offering to sell a 1978 Corvette Pace Car for as much as $50,000 failed to cause the appellant any harm. I cannot escape the feeling that this Arkansas jury paid about as much attention to what the Wall Street Journal said as they did to what the Alabama car dealer said. I am sure the appellee and his attorney hoped it would. I know the trial judge said he was admitting the evidence so the jury could see how the appellee "arrived at the fair market value that he's stated on these cars." And I understand that the appellant thinks that this evidence had something to do with the finding of the jury that a car in Berryville, Arkansas, with a *list* price of $14,410 was actually worth $22,500.

I would reverse.