De Yampert et al. vs. Brown & Johnson.

---

DE YAMPERT et al. vs. BROWN & JOHNSON.

MORTGAGES: *What not extinguishment of, etc.*

Where a mortgage is given to secure the payment of the purchase money, and subsequently a draft is given for the amount and dishonored, this is not an extinguishment of the mortgage, but only a mode of payment, and if the holder uses due diligence and cannot collect, he may resort to his mortgage.

De Yampert et al. vs. Brown & Johnson.

VENDOR'S LIEN: *When not enforcible without actual notice.*

Where the husband executed a mortgage of lands, where in reality the title to the same was in the wife: *Held*, that the record of such mortgage was only notice that the husband had so executed it, and a purchaser from the wife would not, by this record, be affected with notice that the lands were not paid for, and if an absolute deed was made, a vendor's lien could not be enforced against those holding under her without actual notice.

APPEAL from *Ashley* Circuit Court.

Hon. HENRY B. MORSE, Circuit Judge.

*Norman and Murphy*, for appellants.

*Johnston & Hawkins*, for appellees.

GREGG, J. On the 5th of May, 1868, the appellees commenced their suit in equity against the appellants, and the widow and heir of Platery T. Harris, to foreclose a mortgage executed by said Harris to them, upon certain lands in Ashley county.

They alleged that on the 16th of April, 1856, they sold the lands to P. T. Harris for $1,600, to be paid in installments, with interest, to-wit: $800 the 15th of January, 1859, and a like sum one year thereafter, to secure which said Harris executed to them his deed of mortgage on the same lands, which deed was duly recorded on the 3d of May, 1856. That in March, 1861, $1,272.09 remained due, and that said Harris made and delivered to them a draft in the name of Mary Harris on Bender & Hubbard for that sum, payable eleven months after date. That the draft was duly presented and protested, and said Harrises notified, etc., and that sum and interest and cost of protest are still due and unpaid.

That after the execution and recording of said mortgage, P. T. Harris and Mary, his wife, conveyed the lands to John L. Q. C. De Yampert, the father of the appellants, who is now dead, and P. T. Harris died, leaving Mary, his widow, and the other defendants, his heirs, surviving.

They exhibited the deed of mortgage, draft and protest, and prayed for a judgment and that the lands be sold, etc.

The complaint was taken as confessed against all the defendants but Wm. B. and John L. De Yampert. They answered and denied that appellees sold the lands to P. T. Harris, and averred he was insolvent, and that the lands were sold to his wife, Mary, who had a large separate estate. They admit   T. Harris executed the mortgage, but aver that the appellees must have known that P. T. Harris had no title to the lands, and that the mortgage was valueless. They admit the giving the draft. They deny that P. T. Harris and wife conveyed the lands to their father, and aver that said Mary alone sold and conveyed to him, and that he, in 1864, sold and conveyed the same to appellant, William B. They admit the death of P. T. Harris, that his legal representatives are properly before the court, etc., and they insist, as a defense, on over ten years peaceable, adverse, and quiet possession, and pray to be dismissed, etc.

The appellant, John L., disclaimed any title or interest in the matters in controversy, and prayed to be discharged.

Upon the hearing, the bill, exhibits, and answers were read, and defendents then proved by Norman that in 1860, P. T. Harris was insolvent; that his wife owned property. Files testified that he had known P. T. Harris since 1858; that he owned no property ; that he acted as his wife's agent. Moore testified that Harris, with his wife's consent, had executed notes as her agent, and that he had owned no property since 1860.

This was all the proof offered.

P. T. Harris' solvency was not put in issue, and the testimony, of these witnesses certainly could not have established any material fact in issue.

The finding and decree, therefore, must rest upon the bill, exhibits and answers.

The case shows a want of labor and attention not to be expected of attorneys in a matter of its importance. The bill alleges ownership in the appellees and a conveyance by them to P. T. Harris, but makes no exhibit of title in either, and when the ownership of Harris is denied, they offer no proof whatever of his title which was the basis of his right to mortgage to them.

The De Yamperts deny P. T. Harris' title, and aver title in their father, by conveyance from appellees to Mary Harris, and from her to him.

Neither party exhibits title. They produce no deed or transcript of the record of such, nor do they render any excuse for not doing so, and neither make or attempt to make proof of title which might have made the case clear, and it seems could hardly have been difficult to either party, if such parties' allegations and averments were true.

The mortgage, being recorded, was sufficient notice to all that P. T. Harris had so executed it. But if Mary Harris held the title, a purchaser from her would not, by this record, be affected with notice that the lands were not paid for, and if an absolute deed was made, a vendor's lien could not be enforced against those holding under her without actual notice, which does not appear in this case.

The appellants asked the court to declare two propositions of law; if not abstract, the one was correct, the other not.

The acceptance of a draft, which was afterwards dishonored, upon which to collect the amount due, was not an extinguishment of the mortgage. This was a mode of payment, and if the holders used due diligence and could not collect, they might resort to their mortgage.

The length of time William B. De Yampert and his assignor had been in possession did not determine the period of limitation. The statute could only run against the appellees

from the maturity of their cause of action, and not from the time appellants took possession of the lands.

The decree is not made up with skill or accuracy. It gives the appellees judgment, but does not declare of whom they shall recover, nor is there any specific decree for costs.

The decree is for the sale of the land absolutely, whereas the owners of the fee in possession should be allowed day in which to pay off the incumbrance, in default of which the lien should be enforced by sale.

John L. De Yampert disclaimed all interest in the matters in controversy, and without any decree being rendered against him, he excepts to the rulings of the court, and joins in an appeal to this court.

Upon the submission of this case the court below would have acted judiciously, to have ordered it reopened for further allegations and proofs, but if required to rule upon the records as they are, we incline to the opinion that the finding and decree should have been, dismissing John L. De Yampert and in favor of William B. De Yampert, etc.

The appellees allege title in P. T. Harris, without which title their mortgage was not valid. The appellants, in their answer, denied that title, and averred title in another, which they did not attempt to maintain by proof; nevertheless they were entitled to the benefit of their denial, and that threw the burden of proof upon the complainants, and as they offered none, they could not recover.

The decree is reversed — the cause remanded with directions to allow the parties to amend their pleading and take further proofs, if they desire so to do, and to proceed according to law to a final hearing and decree.

It is ordered that one-half of the costs of this appeal be paid by the appellees and the other by John L. De Yampert, who improperly appealed to this court.