## SHARP v. FLEMING.

Opinion delivered May 27, 1905.

1. PAYMENT—CHECK.—Giving a check in payment of a debt is not an extinguishment of the debt unless it is accepted as such. (Page 559.)

2. LOST CHECK—DILIGENCE.—Where a check, received in payment of a debt, was immediately forwarded for collection by the payee to the bank on which it was drawn, and was lost in the mail, of which notice was at once given to the drawers and to the drawee, there was no lack of diligence on the payee's part, and the drawers were not discharged. (Page 559.)

Appeal from Sevier Circuit Court.

JAMES S. STEEL, Judge.

Affirmed.

### STATEMENT BY THE COURT.

S. C. Sharp & Company, a firm composed of appellant, S. C. Sharp, and one Manning, were indebted to appellee in the sum of $390 on account for goods, wares and merchandise sold to them, and on January 22, 1902, gave appellee their check on the Howard County Bank, of Nashville, Ark., for that amount in payment of the debt. The check was delivered to appellee's traveling agent by Sharp & Company at their place of business at Lockesburg, Ark., and was immediately sent by mail to appellee at Fort Smith. Appellee credited the amount to S. C. Sharp & Company, and immediately deposited the check, properly indorsed, with the American National Bank, of Fort Smith, for collection, which bank immediately forwarded the check by mail to the Howard County Bank for payment. The check was lost in the mail, and never received by the last named bank. Letters were written by appellee and by the Howard County Bank to Sharp & Company, which letters appellant admits were duly received, informing them of the loss of the check and requesting that a duplicate be sent. Sharp & Company made no response to either of these letters. They had funds sufficient to cover the check in the Howard County Bank from the date of the check until April 7, 1902, when all their funds were drawn out of the bank by Manning, and the check was never found, nor the amount thereof paid to appellee.

This suit was brought by appellee against Manning and appellant, Sharp, to recover the amount of the account. Manning died during the pendency of the action, and thereafter the action proceeded against appellant alone.

Appellant defends upon the ground that the firm of S. C. Sharp & Company was dissolved on December 31, 1901; that Manning, without his knowledge or consent and without right or authority, withdrew from the Howard County Bank all the funds standing to the credit of the firm, and converted them to his own use; that Manning was insolvent, and largely indebted to him (appellant), and that appellee, by failing to present the check for payment in due time, released appellant from all further liability.

It is not shown that appellee received any notice or information of the dissolution of the firm or the condition of the accounts between the partners, or that Manning was indebted to appellant.

A trial before a jury resulted in a verdict for the plaintiff for the amount of the debt, and the defendant appealed to this court.

The case was submitted to the jury upon instructions declaring the law that if, at the time the check was given, "the defendant had sufficient funds in said bank to pay said check, and said plaintiffs, or their assignees, neglected or failed for an unreasonable length of time to present said check to said bank for payment, and the firm of S. C. Sharp & Company dissolved partnership shortly after the execution and delivery of said check to plaintiff, and left the $390 in said bank to pay said check, and after the dissolution of said partnership one Will Manning drew the $390 out of the bank without the knowledge or consent of the defendant Sharp, and converted the same to his own use and benefit, and that the said Manning was and is insolvent," the verdict should be for the defendant, Sharp.

And in another given at the request of defendant the court told the jury that by "a reasonable time" it was meant that the plaintiff must have forwarded the check to the drawee by the regular course of mail on the following day after its receipt.

*Feazel & Bishop*, for appellant.

The question of what is a reasonable time is one of law. 10 Wend. 304; 13 Wend. 133; 27 Am. Dec. 192; 40 Cal. 111; 99 Am. Dec. 684. The fifth instruction given upon the question of laches is error. 114 Ala. 264; 73 Ill. 387; 2 Hill, 425; 7 Heisk, 177; 1 Morse, Banking, § 421; 37 Ark. 276; 33 Ark. 33; 25 Ark. 67. A check should be presented for payment within a reasonable time. 103 Ala. 458; 37 Neb. 500, 644; 79 Md. 312; 83 Wis. 538; 95 Ga. 376. A check is a conditional payment only. 119 Pa. St. 30. After dissolution of a partnership, neither partner can bind the other. 23 Ark. 242; 20 Ark. 178. Sharp was not bound to give a duplicate check. 38 L. R. A. 845; 2 Dan. Neg. Inst. § 1464; 21 Am. St. 450.

*Youmans & Youmans*, for appellee.

After dissolution, each partner has a right to apply partnership assets to the payment of partnership debts. 22 Am. & Eng. Enc. Law, 212. The drawee of a check is entitled to such notice only as will save him from loss. 2 Dan. Neg. Inst. § § 1587-1589; 19 W. Va. 312; 5 W. Va. 500.

McCULLOCH, J., (after stating the facts.) Appellant has no just cause of complaint at the instructions of the court. They were quite as favorable to his defense as he was entitled to

According to the undisputed facts appellee was entitled to a verdict against appellant for the amount of the debt.

Giving the check, which was never paid, was not an extinguishment of the original debt. unless shown to have been accepted absolutely in payment. *DeYampert* v. *Brown,* 28 Ark. 166; *Henry* v. *Conley,* 48 Ark. 267.

Appellee forwarded the check for payment as soon as received, and notified appellant of its loss. Appellant, though repeatedly notified of the nonpayment and loss of the check, remained passive and silent, and took no steps to cause payment to be made. Conceding that the loss of the check in the mail did not excuse appellee from presenting the same for payment, and that appellant was not bound to give a duplicate check, appellee did notify the Howard County Bank and appellant that the check was outstanding and lost. Appellant, after having acquiesced in the nonpayment on account of the loss of the check, and after having failed to assist in procuring payment, cannot now plead the nonpayment in release because his quondam partner had, in the meantime, wrongfully drawn the money out of the bank. In other words, he pleads, as a defense, the negligence of his creditor in failing to procure payment of the lost check whilst he, with full knowledge of the loss, stood by quiescent, and failed, when called upon, to object to the delay or to assist in bringing about the payment. This he cannot do.

In *Kirkpatrick* v. *Home Building, etc.,* 119 Pa. St. 30, a case cited by counsel for appellant, the settled rule is stated to be that "a check received for debt is merely conditional payment, that is, satisfaction of the debt if and when paid, but that acceptance of such a check implies an undertaking of due diligence

in presenting it for payment; and, if the party from whom it is received sustains loss by want of such diligence, it will be held to operate as an actual payment."

Applying the rule thus announced, it is not perceivable wherein appellee has failed to exercise the full measure of diligence in this instance in presenting the check for payment, and in notifying appellant of its loss and nonpayment.

The judgment is affirmed.