DUDLEY *v.* ADAMS.

5-1165                                298 S. W. 2d 701

Opinion delivered February 18, 1957.

*Denver L. Dudley, pro se,* and *Claude B. Brinton,* for appellant.

*Arthur L. Adams, pro se,* and *W. B. Howard,* for appellee.

J. SEABORN HOLT, Associate Justice. This suit involves a dispute between two attorneys over the division of an attorney's fee. February 13, 1956, appellee, Adams, filed suit against appellant, Dudley, in which he (Adams) alleged that appellant, who had previously been employed by E. L. Garris to prosecute a tort action for him (Garris) against the Greyhound Bus Lines on a contract of 50% of any recovery, employed appellee to assist him in the prosecution of the claim and that appellant agreed to pay appellee one-half of Dudley's fee under Dudley's contract with Garris. He further alleged that he assisted Dudley in making the settlement for $5,000, and that he, Adams, was entitled to

one-half of Dudley's fee of $2,500 or $1,250. He further alleged that Dudley offered to pay him only $750 which he refused to accept. Appellant answered with a general denial and specifically pleaded accord and satisfaction. Trial before the court sitting as a jury resulted in a judgment in favor of appellee, Adams. This appeal followed.

For reversal appellant relies on the following points: "1. The evidence was insufficient to sustain the judgment; 2. There was accord and satisfaction, compromise and settlement or novation; 3. The deposition of Roy Garris should not have been considered."

Considering the third point above first, it appears from the record that the deposition complained of was read and admitted at the trial without objection, therefore, any objection now comes too late.

Primarily, points 1 and 2 are questions of fact. Under our long standing rule of procedure the duty rests upon the jury, or the trial court sitting as a jury, to determine from all the evidence presented whether the preponderance thereof supports the plaintiff (appellee here) or the defendant (appellant). When the cause reaches us on appeal we do not concern ourselves with determining where the preponderance of the evidence lay but only whether there was any substantial evidence to support the verdict and judgment rendered. In other words, if we find any substantial evidence to support the verdict we must affirm, even though it might appear to us that the preponderance was against the verdict. The testimony was in sharp conflict, however, after a careful review of it all, we cannot say the evidence on behalf of appellee when given its strongest probative force, as we must, was not substantial, and, therefore, the judgment must be affirmed. *Humphries* v. *Kendall,* 195 Ark. 45, 111 S. W. 2d 492.

Appellee's testimony was to the following effect. About December 1, 1954, appellant called him, Adams, to his office and told him that he, Dudley, was employed by E. L. Garris, in a tort action, on a contract for a fee

of 50% of the recovery; that he wanted me to assist him in the matter and he would divide any fee that might subsequently be paid in the case, and that he, Adams, accepted the employment. He further testified that after considerable work and effort on the part of Mr. Dudley and himself, offers and counter-offers by the parties, a settlement for $5,000 was finally agreed upon before a trial of the case. That a draft for $5,000 in settlement was sent to him (Adams) and he so informed Dudley. Shortly thereafter Dudley telephoned Adams to bring the draft over that Garris was in his office. Appellee further testified: ''Denver (Dudley) came back, Roy was not with him, never did come back. When Denver walked in the door he motioned me in his inner office, I had been in the outer office. He went in, sat in a chair, I sat in a chair in front of the desk. He got his checkbook out, put it on the desk, leaned back, said finally, 'Hard Case.' Said finally, 'Hard Case, if we had tried it we might have gotten a lot more money out of this thing. Now, since you and I did not have any fee arrangement, I think $750 would be about right.' I was amazed, looked at Mr. Dudley, I said, 'Denver, that was not the way it was. We agreed when I came in the case, any fee received would be divided 50-50.' Sat and looked at each other for five seconds. Not another word was spoken. Denver wrote a check, handed it to me. I looked at it, amount of the check was $750.00. Also noted there was no notation on the check 'payment in full' nor had any oral import. I was mad, concluded there was only one of two things to do; one, get in a fight with Mr. Dudley; or, get up and walk out . . . I got up, walked out, not a word was spoken. Since there was no oral or verbal condition imposed, it was my idea I could deposit the check and it would have no legal significance other than payment on account. I would legally collect the other $500 by bringing suit, as was done, or talk with Mr. Dudley. That is just about the history of the thing.'' E. L. Garris testified: (appellant's abstract) ''I went to the defendant's (Dudley's) office. Mr. Adams came later. Conversation was about the lawsuit. Mr. Dudley would get half the other lawyer would get half. That was

my understanding (Tr. p. 43). He said he would have to split one-half with the other lawyer. We were discussing Arthur Adams. This was before he came to the office . . . It was Mr. Dudley who told me of the 50-50 split between the lawyer . . . Afterwards Mr. Dudley was offered $5,000 and he was told to hold out for $6,000. At that time, Mr. Dudley said he would split it three ways, $2,500 to me, $1,250 to each of them. The case was settled for $5,000.'' Mrs. E. L. Garris' testimony tended to corroborate that of appellee.

On the issue of accord and satisfaction, which appellant pleads as a defense, his testimony was to the effect that when appellee accepted and later cashed the check for $750, which he Dudley tendered to him, that this amounted to a settlement or accord and satisfaction. Appellee testified that he accepted the check not in full payment but, in effect, to be applied upon the $1,250, which he claimed appellant agreed to pay him as his division of the fee. In the circumstances here whether appellee accepted the check in full settlement of his claim against appellant was a question of fact for the trial court to determine. The evidence shows there was nothing on the check to indicate that it was payment in full. In one of our cases, *Rose* v. *Lilly et al.,* 170 S. W. 483 (not reported in the Arkansas Reports) there was conflicting testimony as to whether a check in question had been accepted by a creditor in full payment of a note sued on. We there said: ''A check given in payment of a debt does not amount to an extinguishment of the debt unless accepted in absolute payment thereof. *Sharp* v. *Fleming,* 75 Ark. 556, 88 S. W. 305; 7 Cyc. 1007 . . . The appellant denied having accepted the check in payment of the note, but the question whether he accepted it in absolute payment was fairly presented to the jury . . .'' The textwriter in 1 C. J. p. 561, § 84, on Accord and Satisfaction, says: ''The mere fact that the creditor receives less than the amount of his claim, with knowledge that the debtor claims to be indebted to him only to the extent of the payment made, does not necessarily establish an accord and satisfaction.'' In *Collier Comm. Co.* v. *Wright,* 165 Ark. 338, 264 S. W. 942, we

said: "Accord and Satisfaction—Jury Question.—Where statements were furnished showing the net balance due on the purchase of carloads of peaches with check accompanying the statements, but neither the statements nor the check showed on their faces that the check was tendered in full, it was a question for the jury to determine whether, under the circumstances, the tender was conditioned on its acceptance in full." And, in *Alling* v. *John V. Lee & Sons*, 148 Ark. 655, 230, S. W. 1, we said: "The next and last insistence of appellant for reversal is that the acceptance and collection of the $82.83 check constituted an accord and satisfaction . . . An acceptance by a creditor of a tender or remittance made by his debtor on a disputed claim does not constitute an accord and satisfaction of the claim, unless clearly indicated by the facts and circumstances to be in full payment thereof. There must be a meeting of the minds of the debtor and creditor before there can be an accord and satisfaction. The debtor must impose the condition of full payment on the disputed claim on the tender or remittance, and the creditor must accept the tender or remittance with such condition attached . . . No condition was imposed in the face of the check, or in any instrument or letter accompanying it, or in any subsequent communication between the parties, to the effect that it was tendered in full settlement of the controversy between them . . . Nowhere does it appear that the check was offered by appellant or received by appellees in full settlement of the disputed claim."

Finding no error, the judgment is affirmed.