Captain R. E. BRILEY *v.* LITTLE ROCK
CIVIL SERVICE COMMISSION

79-49                                                     583 S.W. 2d 78

Opinion delivered July 9, 1979
(In Banc)

*Kaplan, Brewer, Bilheimer & Marks*, by: *Patti Hudson Marks*, for appellant.

*R. Jack Magruder, III* and *Sherry S. Means*, for appellee.

FRANK HOLT, Justice. Appellant was notified by letter dated December 27, 1977, that his services with the City of Little Rock's Fire Department were terminated because of his unauthorized removal of personal property from a privately owned automobile. In the same letter, he was informed of his right to appeal and was referred to § 55, Article 15 of the Rules and Regulations of the Department: "Conduct prejudicial to the public service." Pursuant to Ark. Stat. Ann. § 19-1605.1 (Repl. 1968), an evidentiary hearing was

held before the Little Rock Civil Service Commission on March 30, 1978, with three of the five members present. After a 4 and ½ hour hearing, the commission members present upheld the termination. Appellant appealed to the circuit court where the appellant and counsel appeared in person and the matter was submitted, without additional evidence, upon the transcript and record of the commission proceeding. The trial court also heard arguments by counsel. The circuit court affirmed. Thereupon present counsel was employed to perfect this appeal.

Appellant asserts that the court erred in upholding the order of the commission, which was not supported by substantial evidence; it was prejudicial error for the court to affirm a ruling based on a hearing which lacked due process; and it was prejudicial error for the court not to reverse the commission's ruling because the commission failed to follow its own rules. Appellant's second and third contentions and subordinate arguments were not raised before the commission or the trial court. This includes appellant's subordinate argument that the commission failed to make findings of fact and conclusions of law and, further, the commission considered or heard testimony on other incidents without notice that such incidents would be an issue. We do not consider arguments raised for the first time on appeal. *Green* v. *Ferguson*, 263 Ark. 602, 567 S.W. 2d 89 (1978). Further, we no longer review termination cases *de novo*, and on appeal we determine only whether the commission's finding is supported by substantial evidence. *Petty* v. *City of Pine Bluff*, 239 Ark. 49, 386 S.W. 2d 935 (1965).

In determining the sufficiency of the evidence, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee and affirm if there is any substantial evidence to support the finding of the factfinder. Further, upon appellate review, it must appear there is no reasonable probability that the incident occurred as found by the factfinder, and we consider only the evidence of the appellee or that portion of all the evidence which is most favorable to the appellee. *Thirfty Rent-A-Car* v. *Jeffrey*, 257 Ark. 904, 520 S.W. 2d 304 (1975).

On the night of December 4, 1977, appellant, on duty as

captain, proceeded to the scene of an accident where an automobile had been driven off an overpass. The victim, Stanley James, was found in a state trooper's car being administered first aid. He was dazed, intoxicated, and blinded in both eyes. After a short time, the trooper removed James to a nearby ambulance. Appellant removed a CB radio from the trunk of James' car. After returning to the fire station, appellant locked the CB in the trunk of his car. The trooper, who had taken James to the ambulance, returned to the scene, saw that the CB was missing, and filed a complaint with the police. On December 9, 1977, Sergeant Troutman, with the Arkansas State Police, went to appellant's fire station, located appellant and two other firemen, who had been on duty with the appellant the night of the accident, and indicated he wanted to talk to them about the incident. Appellant immediately said: "Oh, you're here to see about the CB." "We have it." Within 10 or 15 minutes, appellant secured and returned the CB to the officer, making a note of the transaction in the station logbook. The district chief, upon learning there was no mention of the CB in the original log entry for the accident, contacted the chief about the irregularity. After appellant was notified of his suspension, he contacted James, who went with him to the personnel office and gave a statement indicating that he had authorized appellant to remove the CB from his car.

It is true that both appellant and James testified that, at the scene, James had made the statement, "Hoss, take care of my stuff." Appellant also called the hospital several times and got a copy of the accident report in an effort to locate James. Appellant testified that he took the CB to protect it at James' request. However, the trooper, who was first at the scene of the accident and who removed James from the scene to the ambulance, testified that he was near James at all times and did not hear him make such a statement. James was drunk, dazed, and incoherent at the time. Bandages had been applied for his eye injuries. He would have been unable to see to whom he was talking. Sergeant Troutman testified that James did not remember making the statement when he first spoke with him in the hospital, and James later told him that appellant had told him he would be fired if he did not say that he had authorized appellant to remove the CB.

Appellant testified that he had not been instructed concerning inventory forms, although he had read the rules and regulations of the department and signed a paper so stating. The chief testified that the correct procedure for securing private property at an accident was to give it to the owner, if available, or to the police. If neither action were possible, the fireman should notify his superior and note the property in the logbook. Order 62-11 had been issued in 1962 directing that any personal property removed from an accident scene be listed on a department inventory sheet. Grooms, another captain, testified that he had had the opportunity to read the inventory order on two or three occasions. Johnson, a driver, stated that the inventory of personal property after an accident is the responsibility of the person in charge. New, a firefighter, testified that his understanding of the procedure was that they were to notify their captain, who was to let the policemen secure the valuables.

It was for the commission, as the factfinder, to resolve issues of credibility and conflict in the evidence. When we view the evidence most favorable to the appellee, as we must do on appeal, we hold there is substantial evidence to support the commission's finding.

Affirmed.