Larry R. HIBBS *v.* CITY OF JACKSONVILLE

CA 87-365                                   749 S.W.2d 350

Court of Appeals of Arkansas
Division II
Opinion delivered May 11, 1988

*Mitchell, Williams, Selig & Tucker*, by: *Mike Wilson*, for appellant.

*Vaughan and Bambury*, by: *Keith Vaughan* and *Robert E. Bambury*, for appellee.

JAMES R. COOPER, Judge. Larry R. Hibbs appeals from a decision of the Pulaski County Circuit Court affirming a decision

of the City of Jacksonville Civil Service Commission. Hibbs was fired by the Chief of Police from his position as Assistant Police Chief. He appealed to the Jacksonville Civil Service Commission, which conducted a hearing after which it reinstated Hibbs to the police department but demoted him to the rank of captain. Hibbs appealed to the Pulaski County Circuit Court, which reviewed the transcript of the proceedings before the Civil Service Commission and found that, while there were procedural errors committed by the Commission, the errors were not prejudicial. The court further found that the evidence supported the Commission's decision to reinstate Hibbs at a lower rank and to put him on six months probation. We affirm.

On appeal, we must determine whether the Commission's decision is supported by substantial evidence, and in determining the sufficiency of the evidence, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee. *Briley* v. *Little Rock Civil Service Commission*, 266 Ark. 394, 583 S.W.2d 78 (1979).

First, the appellant claims that the Commission erred in requiring him to address the allegations against him as recited in a termination letter from the Chief of Police before any other evidence against him was produced. The appellant argues that the circuit court erred in finding that this procedure was erroneous but was nevertheless harmless and not prejudicial to the appellant. The appellant asserts, and the appellee seems to agree, that error is presumed prejudicial, relying on *Hanna Lumber Co.* v. *Neff*, 265 Ark. 462, 579 S.W.2d 95 (1979), and *Allen* v. *Arkansas State Highway Commission*, 247 Ark. 857, 448 S.W.2d 27 (1969). However, it is no longer presumed that error is prejudicial. *Jim Halsey Co., Inc.* v. *Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985); *Donoho* v. *Donoho*, 22 Ark. App. 150, 737 S.W.2d 162 (1987). *See also McDonough Power Equipment, Inc.* v. *Greenwood*, 464 U.S. 548 (1984). Unless the appellant demonstrates prejudice accompanying error, we do not reverse. *Peoples Bank and Trust Co.* v. *Wallace*, 290 Ark. 589, 721 S.W.2d 659 (1986).

The circuit court reviewed the transcript of the proceedings before the Jacksonville Civil Service Commission and affirmed its decision. We have reviewed the transcript and, in

light of that review, we cannot say that the decision of the Commission is not supported by substantial evidence. There was evidence that the appellant, when the Chief of Police was absent, had countermanded directives of the Chief in regard to lunch hours for jailers and radio operators and had countermanded the Chief with regard to a rule violation inquiry within the department. There was also evidence that the appellant had wrongly disseminated departmental information and had been uncooperative or untruthful with regard to his actions.

In summary, the appellant had been terminated from a high-ranking position with the Jacksonville Police Department for alleged infractions but nevertheless won reinstatement, albeit at a lower rank, from the Civil Service Commission, after his hearing. Since there is substantial evidence to support the Commission's decision and because the procedural errors have not been shown to have prejudiced the appellant, we affirm.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.