Randy REAVES *v.* Cindy Lou REAVES and
Office of Child Support Enforcement

CA 97-1491 975 S.W.2d 882

Court of Appeals of Arkansas
Division II
Opinion delivered October 14, 1998

*Teresa A. French*, for appellant.

*Bynum Gibson*, for appellee.

JUDITH ROGERS, Judge. Appellant, Randy Reaves, brings this appeal from an order finding that he was $9,899.24 in arrears on his payments of child support. For reversal, appellant first contends that the chancellor erred by rendering his decision without

taking the opportunity to examine the exhibits he introduced at the hearing. Secondly, he argues that the chancellor erred in finding that he should not be credited for payments made outside the registry of the court. We find merit in the first issue raised and reverse the chancellor's order.

In the 1993 decree of divorce, appellee, Cindy Lou Reaves, was awarded custody of the parties' two children. Appellant was ordered to pay child support in the amount of $162.79 a week through the registry of the court. The amount of support was to be reduced to $114 a week should their son, Toby, cease to reside with appellee. By order dated June 18, 1996, appellant's obligation was reduced to $77 a week.

In June of 1997, the Office of Child Support Enforcement, having acquired an assignment of appellee's right to receive support, filed a motion to collect an alleged arrearage in appellant's child-support payments. At the hearing on this motion, it was stipulated that appellant owed a total of $26,116.74 in support, that payments of $16,217.50 had been made through the court's registry, leaving a balance owed of $9,899.24. In his defense, appellant asserted that he had made payments directly to appellee, and he asked to be credited for those sums paid outside the registry of the court. In support of his contention, appellant introduced into evidence copies of money order receipts and personal checks made out to appellee, and two handwritten receipts signed by appellee. He also presented copies of his payroll checks that he claimed to have endorsed over to appellee. In her testimony, appellee generally denied that she had received any money outside the registry in payment of child support. In ruling from the bench, the chancellor stated that he had not had the opportunity to review the exhibits introduced and that, even though he assumed some of the payments made were for child support, he had no idea how much and thus was not going to allow any credit for payments made outside the court's registry. The court's order finding an arrearage in the stipulated amount was entered thereafter, and this appeal followed.

Appellant contends that the chancellor erred in denying his claim for credit without even examining the exhibits introduced to corroborate his testimony on the matter. We agree.

 The standards governing our review of a chancery court decision are well established. *Jennings v. Burford*, 60 Ark. App. 27, 958 S.W.2d 12 (1997). Although we try chancery cases *de novo* on the record, we do not reverse unless we determine that the chancery court's findings of fact were clearly erroneous. *Id.* In reviewing a chancery court's findings of fact, we give due deference to the chancellor's superior position to determine the credibility of the witnesses and the weight to be accorded their testimony. *Id.* As an antecedent to our review, however, a duty rests upon the trial court to determine the issues before him based on all of the evidence presented. *See Dudley v. Adams*, 227 Ark. 376, 298 S.W.2d 701 (1957). Here, when we review the chancellor's remarks in context, we do agree that the issue in this case boils down to a question of credibility as to whether the testimony of appellant or that of appellee was to be believed. However, the chancellor admittedly did not consider all of the evidence presented in evaluating the testimony of the witnesses. From our review of the record, we find this to constitute error.

 On *de novo* review of a fully developed chancery record, where we can plainly see where the equities lie, we may enter the order that the chancellor should have entered, or we may decline to do so if justice will better be served by a remand. *Matthews v. Oglesby*, 59 Ark. App. 127, 952 S.W.2d 684 (1997). We think the better course in this case is to remand for the chancellor to render an appropriate decision, and thus we do not address the second issue raised.

Reversed and remanded.

PITTMAN and GRIFFEN, JJ., agree.