Sandra R. FRIGON *v.* Gary F. FRIGON

CA 02-298                                    101 S.W.3d 879

Court of Appeals of Arkansas
Division IV
Opinion delivered April 2, 2003

*Brenda Austin, Ltd.*, for appellant.

*Boyer, Schrantz, Rhoads & Teague, PLC*, by: *Johnnie Emberton Rhoads*, for appellant.

JOHN B. ROBBINS, Judge. Appellant Sandra Frigon and appellee Gary Frigon were divorced by order of the Benton County Circuit Court filed on September 18, 2001. Appellant challenges the trial judge's finding that a Unum Provident Disability Income Protection Policy, covering appellee effective during the 2001 calendar year, had no cash value and thus was not divisible between the parties as marital property. We reverse and remand.

■ ■ We review domestic-relations decisions de novo on the record.[1] *Nielsen v. Berger-Nielsen*, 347 Ark. 996, 69 S.W.3d 414 (2002). Although review is de novo, we will not reverse a finding of fact by the trial judge unless it is clearly erroneous. *Norman v. Norman*, 342 Ark. 493, 30 S.W.3d 83 (2000). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite

---

[1] Appellant's abstract and addendum are excessive as they encompass more testimony, pleadings, and exhibits than are necessary to an understanding of the question presented to us for resolution. *See* Ark. R. Sup. Ct. 4-2(a)(5) and (8). We decline in this instance to order appellant's counsel to file a proper abstract, brief, and addendum, *see* Ark. R. Sup. Ct. 4-2(b)(3), but we caution counsel to adhere to the briefing guidelines in the future.

and firm conviction that a mistake has been committed. *Nielsen, supra.* While the trial court's findings of fact shall not be set aside unless clearly erroneous, conclusions of law are not given the same deference. *Vowell v. Fairfield Bay Community Club, Inc.,* 346 Ark. 270, 58 S.W.3d 324 (2001). Accordingly, if the trial judge erroneously applies the law and an appellant suffers prejudice, the erroneous ruling should be reversed. *Id.*

During the marriage, the parties acquired a disability income protection policy covering appellee to protect against loss of his income if he became unable to perform the substantial or material duties of his occupation. The policy became effective on December 1, 1992, and was renewed annually; the premiums were paid semiannually. Therefore, the policy was effective year-to-year from December 1 through the following December 1. Appellee, a physician, made a claim in 1998 and was granted monthly benefits in the approximate sum of $12,000 per month during a four-month term of incapacity to work. At the time of the divorce hearing in July 2001, the policy was in effect for that year through December 1, 2001. The semiannual premiums had been paid with marital funds. However, there was no evidence that a disability claim was pending at the time of the final hearing in July 2001. Appellant argued to the circuit judge that she should be awarded property rights in the policy for 2001 should appellee become disabled during that year. Appellant also asked that the judge set child support and alimony on any disability income if appellee should become disabled under the policy.

In the order on appeal, filed of record on September 18, 2001, the trial judge ordered as follows:

> No cash value is found to exist in connection with the disability policy, so the Court finds nothing to divide. However, should the policy be activated, it may come into play for support purposes and not for a division of property, and at that time, a determination can be made as to the amount of income.

Appellant argues on appeal that even though monthly disability income benefits were a contingent and unliquidated asset, it was a marital asset nonetheless and subject to division. We agree.

Appellant cites to *Bunt v. Bunt*, 294 Ark. 507, 744 S.W.2d 718 (1988), as support for her position.[2]  In that case, the supreme court held that a personal-injury claim, which had accrued to the husband but which had not been made the subject of a complaint or offer of settlement, was "marital property."  To hold that a personal-injury claim is marital property only to the extent that it has become liquidated would place the claimant in the position of manipulating the claim so as to liquidate it after divorce and thus have the power to determine whether it is included in marital property.  *See id.  See also Liles v. Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986) (holding that a personal-injury judgment based on a structured settlement, part of which had been received and part of which was to be received in the future, was marital property).

■    We agree that this asset, a contract right in the form of a disability income protection policy, was undoubtedly a marital asset.  That being the case, appellant was entitled to one-half of the value of any claim arising under the policy during the remaining term of the policy, *i.e.*, through December 1, 2001.  Alternatively, if the trial court awarded the policy wholly to appellee, the appellant was entitled to be reimbursed for one-half of the prepaid premium, *i.e.*, for the seventy-four-day period from the date the divorce was entered, September 18, 2001, through December 1, 2001.  In our view, justice is better served by a remand so that the circuit judge can determine which method accomplishes equity in this case.  *See Reaves v. Reaves*, 63 Ark. App. 187, 975 S.W.2d 882 (1998).

Reversed and remanded.

PITTMAN and HART, JJ., agree.

---

[2] The *Bunt* case applied the law as it existed prior to the passage in 1987 of Act 676, which changed the definition of marital property to add certain exceptions for particular benefits. This Act was codified at Ark. Code Ann. § 9-12-315(b), and it excludes from the definition of marital property those benefits received or to be received from workers' compensation claims, personal injury claims, or social security claims as are given for any degree of permanent disability or future medical expenses. Clearly, the disability income benefits at issue in the present appeal do not fall within that exception.