Sandra R. FRIGON *v.* Gary F. FRIGON

CA 03-1229                                          201 S.W.3d 436

Court of Appeals of Arkansas
Opinion delivered January 19, 2005

[Rehearing denied March 2, 2005.]

*Brenda Austin, Ltd.*, by: *Brenda Horn Austin*, for appellant.

*Boyer, Schrantz, Rhoads & Teague, PLC*, by: *Johnnie Emberton Rhoads*, for appellee.

JOHN B. ROBBINS, Judge. This is an appeal following a reversal and remand. Appellant Sandra Frigon appeals the July 28, 2003, order of the Benton County Circuit Court that divided a

marital asset — a Unum Provident Disability Income Protection Policy covering appellee Dr. Gary Frigon. We agree that reversal is warranted.

Because this domestic proceeding has been the subject of several appeals, we set forth the relevant chronology of events. The parties divorced on September 18, 2001. In appellant's appeal to us in *Frigon v. Frigon*, 81 Ark. App. 314, 101 S.W.3d 879 (2003), we considered her argument that the trial judge erred in declaring this policy not to be a divisible marital asset. We agreed with her that it was a marital asset in the form of a contract right. We reversed and remanded, holding that Ms. Frigon was entitled to a division to be accomplished by one of the following means: (1) an award of one-half of "the value of any claim arising under the policy during the remaining term of the policy, i.e. through December 1, 2001," or (2) an award of reimbursement for one-half of the pre-paid premium for that period between the date of the divorce on September 18, 2001, and the end of the policy term on December 1, 2001. We held that justice was better served by allowing the trial judge to determine which of these two methods would be more equitable.

Upon remand, the trial judge reviewed the testimony, exhibits, pleadings on file prior to our order of remand, and additional briefs and pleadings permitted after the order of remand. It was undisputed that Dr. Frigon had filed a successful disability claim on the policy, effective in August 2001, that provided him $12,260 in monthly income from and after November 2001. In addition, the parties acknowledged that Ms. Frigon had petitioned for and received a substantial increase in child support and alimony based upon Mr. Frigon's monthly disability income, effective from and after her petition filed in February 2002.

At the hearing upon remand, Ms. Frigon's counsel argued that she was entitled to one-half of all monthly benefits Dr. Frigon received because the claim was filed and approved within the policy period that was not to expire until December 1, 2001. Dr. Frigon's counsel argued that it was more equitable to award Ms. Frigon one-half of the prepaid policy premium for the period between September 18, 2001, and the end of that policy term, which counsel proposed would be an award of $562.37. Dr. Frigon urged this position because Ms. Frigon had been awarded a sizable increase in both alimony and child support beginning in February 2002. In response, Ms. Frigon's counsel asserted that if she were awarded one-half of the monthly disability income as her one-half

of the marital asset, then it would be up to the trial judge to "refigure" alimony and child support.

The trial judge made the following finding in an order filed on July 28, 2003:

> Ms. Sandra R. Frigon is entitled to one-half of the value of the funds received by the Defendant, Gary R. Frigon, from the date of the divorce through the end of the policy period (September 18, 2001, through December 1, 2001).

The judge determined that the amount of one-half of those funds was $6,130, with an additional six-percent in annual interest accruing since December 1, 2001. The order recited that this was the only payment received during the remaining policy period and that the trial court had increased Dr. Frigon's alimony and child support obligations following the increase of his income.[1] The order concluded with the statement that this was the most equitable division to be made.

On appeal, Ms. Frigon argues that the trial judge erred by not following our mandate in *Frigon v. Frigon*, 81 Ark. App. 314, 101 S.W.3d 879 (2003). Dr. Frigon agrees that instructions on remand are to be exactly followed but asserts that the trial court acted within the instructions it was given. A plain reading of the order on remand reveals that our mandate was not followed, compelling us to reverse the trial court.

■ A mandate shall be obeyed, must be followed and placed into execution, and limits the trial court's jurisdiction of the trial court to act. *Dolphin v. Wilson*, 335 Ark. 113, 122, 983 S.W.2d 113, 122 (1998). Where we set forth specific instructions, the trial court is empowered only to enter an order consistent with those instructions. *See generally Remand — Change of Fact Findings*, 19 A.L.R.3d 502-05 (1968). *See also Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948).

---

[1] Ms. Frigon appealed the order increasing child support and alimony arguing that the trial court should have made those changes effective at an earlier date. We held in an unpublished opinion that the trial judge had not clearly erred in her calculation of increased child support and alimony effective from and after February 20, 2002, which was the date of Ms. Frigon's petition to increase support and alimony due to his disability income. *See Frigon v. Frigon*, CA02-1374 (December 10, 2003). As the dates indicate, this appellate decision was handed down *after* the order currently on appeal was decided.

It is without question that the trial court upon remand deviated from our mandate. The trial judge awarded one-half of the "funds received" from the subject claim only until the end of the policy term on December 1, 2001. We directed the trial judge to choose either an award of one-half of the "value of any claim arising under the policy" during that term, or an award of one-half of the pre-paid premium. The trial judge did not abide by those directions.

On de novo review of a fully developed record, when we can plainly see where the equities lie, we may enter the order that the trial court should have entered. *Copeland v. Copeland*, 84 Ark. App. 303, 139 S.W.3d 145 (2003); *Reaves v. Reaves*, 63 Ark. App. 187, 975 S.W.2d 882 (1998). This is exactly what Ms. Frigon has asked us to do. This domestic proceeding record is fully developed, particularly in light of the multiple appeals heretofore considered.

We hold that Ms. Frigon is entitled to an award of one-half of the benefits, *i.e.*, one-half of $12,260 per month, which have been paid and of one-half of the benefits for so long as they may be paid in the future arising from the claim filed by Dr. Frigon under the subject Unum Providential Disability Income Protection policy on August 4, 2001, reduced, however, by the following adjustment. Dr. Frigon is entitled to retain out of Ms. Frigon's one-half share an amount equal to the alimony he has paid to Ms. Frigon since November 1, 2001. This adjustment will provide Dr. Frigon an equitable credit respecting alimony previously paid to Ms. Frigon when Dr. Frigon was receiving the entire disability benefit as his monthly income. We do not address the matter of child support inasmuch as a petition for modification is not before the court. *See* Ark. Code Ann. § 9-14-234 (Repl. 2002).

The trial court's order upon remand is reversed, and this matter is remanded to the trial court for entry of judgment consistent with this opinion.

GLADWIN and NEAL, JJ., agree.