

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-15-71

| | |
|---|---|
| CATHERINE W. SMITH<br><div align="right">APPELLANT</div><br>V.<br><br>PAUL R. SMITH<br><div align="right">APPELLEE</div> | **Opinion Delivered:** September 30, 2015<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO.DR–2013-269-III]<br><br>HONORABLE THOMAS LYNN WILLIAMS, JUDGE<br><br>AFFIRMED AS MODIFIED |

## WAYMOND M. BROWN, Judge

This is an appeal from a decree of divorce entered by the Garland County Circuit Court on October 21, 2014. Catherine and Paul Smith, hereinafter "appellant" and "appellee," respectively, were married on October 30, 1995. Appellant filed a complaint for divorce on March 14, 2014, alleging general indignities as the grounds upon which the divorce should be granted. After appellee answered and denied that there existed general indignities, appellant amended her complaint at the divorce hearing to say that the parties should be divorced because they had been living separate and apart for eighteen (18) months. The case was tried on August 21, 2014, and again on October 1, 2014. The divorce was granted.

On appeal, appellant argues that the circuit court erred by granting a divorce based on general indignities and by granting a divorce without corroborating testimony on the

stated grounds. We affirm the granting of the divorce but modify the decree to reflect this opinion.

The Decree of Divorce reads, in pertinent part:

The parties officially separated on or about March 14, 2013 when this action was filed. They have lived separate and apart since that time without cohabitation. The grounds for divorce were proven by Plaintiff and Defendant waived corroboration. Plaintiff is hereby granted a divorce from the Defendant on the grounds of general indignities.

Our standard of review in divorce cases is de novo.[1] We will not reverse a circuit court's finding in a divorce case unless it is clearly erroneous.[2] A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.[3]

Here, appellant is seeking to set aside the divorce decree because it states that the grounds for the divorce were general indignities. Although the circuit judge used the term "general indignities" in the court's order, an examination of the record of the hearing demonstrates that the divorce was granted because the parties had been living separate and apart for more than eighteen (18) months.

When husband and wife have lived separate and apart from each other for eighteen (18) continuous months without cohabitation, the court shall grant an absolute decree of divorce at the suit of either party, whether the

---

[1] *Rocconi v. Rocconi*, 88 Ark. App. 175, 196 S.W.3d 499 (2004).

[2] *Taylor. Taylor*, 369 Ark. 31, 250 S.W.3d 232 (2007).

[3] *Frigon v. Frigon*, 81 Ark. App. 314, 101 S.W.3d 879 (2003).

separation was the voluntary act of one party or by the mutual consent of both parties or due to the fault of either party or both parties.[4]

At the hearing, appellant's daughter, Lindsey Hollomon, stated "I do know [the parties] have been separated at least eighteen months continuously, and probably longer than that." The circuit court then asked appellant's counsel if she wished to amend her complaint because the original complaint listed general indignities as the grounds for divorce. Her attorney responded, "amend to conform to the proof." Soon thereafter, appellant testified saying "Mr. Smith and I have been living separate and apart continuously for over eighteen months." Accordingly, the circuit judge granted the divorce on the statutory grounds that the parties indeed had lived separate and apart.

Because appellant obtained the relief she sought, a complete divorce from appellee, we find no error. A party cannot appeal from a favorable ruling.[5] Furthermore, we will only reverse a ruling of a trial court if it committed prejudicial error.[6] Prejudicial error is not presumed and unless appellant demonstrates prejudice accompanying error, our court will not reverse.[7] Appellant has not demonstrated such prejudice, and we find no error.

In summation, the circuit court stated the incorrect grounds in reaching the correct result. The divorce was proper because the parties had lived separate and apart, without cohabiting, continuously for eighteen months. This is what appellant complained for and

---

[4] Ark. Code Ann. § 9–12–301(a)(5).

[5] *Ball v. Foehner*, 326 Ark. 409, 931 S.W.2d 142 (1996).

[6] *Silvey Cos. v. Riley*, 318 Ark. 788, 888 S.W.2d 636 (1994).

[7] *Hibbs v. City of Jacksonville*, 24 Ark. App. 111, 749 S.W.2d 350 (1988).

what she received. Therefore, we affirm but modify the decree to conform to this opinion.

Affirmed as modified.

ABRAMSON and HARRISON, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Harrell, Lindsey & Carr, P.A.*, by: *Paul E. Lindsey*, for appellee.