Cite as 2016 Ark. App. 283



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-380

| | |
|---|---|
| DEREK SCOTT HAGAR, Successor Administrator of the Estate of Darren Scott Hagar, Deceased, and on Behalf of the Wrongful-Death Beneficiaries of Darren Scott Hagar | Opinion Delivered:   May 25, 2016 |
| APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CV-2010-721] |
| V. | HONORABLE PAMELA HONEYCUTT, JUDGE |
| ROBERT T. SHULL, M.D. APPELLEE | REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

In this medical-malpractice/wrongful-death case, appellant Derek Scott Hagar seeks reversal based on two evidentiary errors and one jury-instruction error. Before we can address Hagar's arguments, he must file a substituted brief.

There are two briefing errors. First, Hagar's abstract should contain a "record page reference" for each page of transcripted material. Ark. Sup. Ct. R. 4-2(a)(5)(B) (2015). The trial proceedings in this case cover almost 2,000 pages of record, and sequential page numbers are located at the bottom of each record page. But Hagar's abstract references a different set of page numbers—those at the top, right-hand corner of the reporter's transcript. The problem is the reporter's transcript begins each day of this multi-day trial with page one. We do not fault the court reporter for numbering the pages in this manner. But Hagar should not have used these numbers as "record page references" in his abstract.

Because he did so, his abstract, for example, makes six references to page twenty-nine instead of citing a distinct page number for each page of testimony. This impedes our ability to "toggle" between the abstract and record as needed. Hagar's substituted brief should use the proper record page numbers—the sequential numbers at the bottom of each page—in his abstract. His table of contents for his addendum should use the proper record page numbers too. Ark. Sup. Ct. R. 4-2(a)(1).

The second reason for our rebriefing order is that Hagar's abstract and addendum include far more material than is necessary for our review of the limited issues on appeal. Excessive abstracting is as much a violation of our rules as the omission of key materials. *Hruska v. Baxter Reg'l Med. Ctr.*, 2011 Ark. App. 422. Sometimes we forgive the excess and simply caution the attorneys to follow our briefing guidelines in the future. *See, e.g.*, *McElroy v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 117, 432 S.W.3d 109; *Frigon v. Frigon*, 81 Ark. App. 314, 101 S.W.3d 879 (2003). But when there is so much unnecessary material that it interferes with our review of the case, it becomes a flagrant violation of our rules, and we will order rebriefing. *See Hruska*, *supra*. This is one of those cases.

Hagar has included at least 850 pages of unnecessary material, including discovery matters, summary-judgment pleadings involving a settling party, and motions in limine that don't affect the issues on appeal. He should excise these materials so that his brief contains only those documents and transcripts that are essential for us to confirm our jurisdiction, understand the case, and decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(5) & (8).

We therefore grant Hagar fifteen days from the date of this order to file a substituted abstract and addendum that corrects the above-mentioned problems. We note that the oral

argument on this case was canceled to allow rebriefing. But after Hagar has filed his substituted brief, he is free to reschedule oral argument with our clerk's office.

Rebriefing ordered.

WHITEAKER and BROWN, JJ., agree.

*Appellate Solutions, PLLC*, d/b/a *Riordan Law Firm*, by: *Deborah Truby Riordan*; and *Trammell Piazza Law Firm, PLLC*, by: *Melody H. Piazza* and *M. Chad Trammell*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *David P. Glover, Gary D. Marts, Jr.*, and *Carson Tucker*, for appellees.